JOHN LEONARD *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 17, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Evidence,* Hospital record.   *Practice, Civil,* Exceptions.

Under St. 1905, c. 330, § 2, as amended by St. 1912, c. 442, § 2, statements in a hospital record of one who had received personal injuries are admissible in evidence at the trial of an action of tort to enforce liability as to the injuries if they relate directly and mainly to the treatment and medical history of the patient, even although incidentally they may have some bearing on the question of liability.

At the trial of an action against a street railway company for personal injuries alleged to have been caused by the sudden starting of a street car of the defendant as the plaintiff was alighting from it, the defendant's evidence tended to show that the plaintiff was injured by being run into by another car as he was crossing tracks six or seven hundred feet from the place where he alleged he was injured. A bill of exceptions of the plaintiff was meagre and stated that there was admitted in evidence, subject to his exception, a statement in a record of a hospital, where he was cared for after the accident, "Odor of alcohol on breath." *Held,* that it could not be said as a matter of law, on the meagre record, that the statement objected to could not relate to the medical history of the plaintiff's case; and therefore that the exception must be overruled.

TORT for personal injuries. Writ dated June 8, 1917.

In the Superior Court the action was tried before *Hall*, J. The material evidence is described in the opinion. There was a verdict for the defendant; and the plaintiff alleged exceptions.

St. 1905, c. 330, was amended by St. 1912, c. 442, so that it reads as follows:

"Section 1. Hospitals supported in whole or in part by contributions from the Commonwealth or from any municipality, incorporated hospitals offering treatment to patients free of charge, and incorporated hospitals conducted as public charities, shall keep records of the treatment of the cases under their care and the medical history of the same.

"Section 2. Such records, and similar records kept prior to April twenty-fifth, nineteen hundred and five, shall be in the custody of the person in charge of the hospital, and shall be admissible as evidence in the courts of the Commonwealth so far as such records relate to the treatment and medical history of such cases; but nothing therein contained shall be admissible as evidence which has reference to the question of liability."

*J. L. Sheehan*, for the plaintiff.

*E. P. Saltonstall*, (*L. Saltonstall* with him,) for the defendant.

DE COURCY, J. In this action for personal injuries, the contention of the plaintiff was that he was thrown to the ground by the sudden starting of a car from which he was alighting at Kendall Square in Cambridge. The contention of the defendant was that the plaintiff was hit by a Boston bound car as he was crossing the tracks, about six or seven hundred feet from Kendall Square. An employee of the Cambridge City Hospital (where Leonard was cared for after the accident), was called as a witness by the defendant, and produced the hospital record concerning the plaintiff. The bill of exceptions recites: "The witness read the records to the jury except that part of them which contained a description of the accident. A part of the record which was read to the jury was as follows: 'Odor of alcohol on breath.' The court permitted this evidence to be read to the jury and the plaintiff duly excepted to that portion of the record which contained the statement, 'Odor of alcohol on breath.'" This is the only exception before us; and it involves the construction of St. 1912, c. 442, § 2.

The statute is an amendment of St. 1905, c. 330; and requires

certain hospitals to keep "records of the treatment of the cases under their care and the medical history of the same." Section 2 provides that "Such records . . . shall be admissible as evidence in the courts of the Commonwealth so far as such records relate to the treatment and medical history of such cases; but nothing therein contained shall be admissible as evidence which has reference to the question of liability."

In construing this statute we cannot accept the view of the plaintiff that the hospital record is inadmissible if it may have "reference to the question of liability," even though it directly relates only to the "treatment and medical history of the case." A reasonable interpretation must be given to both these clauses in the statute. Apparently the legislation making this hearsay evidence admissible was enacted primarily to relieve the physicians and nurses of public hospitals from the hardship and inconvenience of attending court as witnesses to facts which ordinarily would be found recorded in the hospital books. It is argued that, under the broad language of the original act (St. 1905, c. 330) making the "records of the cases" admissible as evidence "as to all matters therein contained," plaintiffs in personal injury cases were sometimes confronted at the trial with hearsay statements in hospital records which related solely to the cause of the accident. However that may be, the amendment of 1912 defined what the record should contain, and limited its admissibility as evidence. Under the present statute only such portions are admissible as relate to the treatment and medical history of the patient. The difficulty in applying the act arises from the nature of the entries made in hospital records. It frequently must happen that facts stated therein, which deal in the main with the patients' medical history, may also be relevant to the issue of liability, in the event of litigation. For instance, a statement of the location and nature of the patient's injuries, primarily an essential element in the history and treatment of his case, may incidentally tend to confirm or disprove his claim as to how the accident happened. So, the condition of intoxication, in the case of a patient suffering from delirium tremens, would be an important element of his medical history and treatment; at the same time it well might bear upon the issue of liability in an action to recover under the civil damage law. In our opinion a reasonable and practical construction of the

statute requires that a record which relates directly and mainly to the treatment and medical history of the patient, should be admitted, even though incidentally the facts recorded may have some bearing on the question of liability. The improper application of the facts recorded can be prevented by means of suitable instructions to the jury. As was said in *Whipple* v. *Rich*, 180 Mass. 477, 479: "Evidence admissible for one purpose, if offered for that purpose in good faith, is not made inadmissible by the fact that it could not be used for another with regard to which it has a tendency to influence the mind."

It is difficult to test the application of the statute in the present case, by reason of the meagreness of the record. The location, kind and extent of the plaintiff's injuries, and other facts that might assist us, are not disclosed. As the only objection made to the evidence was a general one, it was admissible if competent in any aspect of the case. We are unable to say as matter of law that the "Odor of alcohol on breath" could not relate to the plaintiff's medical history. So far as appears, the usual physical examination may have been a material fact to consider in making a diagnosis of his condition. See *Worrell* v. *Baldwin Chain & Manuf. Co.* 222 Mass. 355; *Hubbard* v. *Allyn*, 200 Mass. 166, 171.

*Exceptions overruled.*