LOUIS CLARK *vs.* BEACON OIL COMPANY.

PAUL N. MELTZER *vs.* SAME.

Suffolk.    December 2, 1929. — March 24, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence*, Hospital record.

At the trial of an action of tort for personal injuries and damage caused by a collision of motor vehicles, it was proper for the trial judge to refuse to cause to be omitted from a hospital record of treatment of the driver of one of the motor vehicles, offered as evidence and admissible under G. L. c. 233, § 79, the words, "marked odor alcohol on breath."

It was also proper for the judge, at the trial above described, to refuse to instruct the jury that the statement in the hospital record with regard to the driver's breath could be considered only "upon and in connection with his physical condition and it has no reference or connection with the liability or cause of the accident" and "is not evidence and does not prove that . . . [he] . . . was operating at the time of the accident under the influence of liquor."

While the language of G. L. c. 233, § 79, does not make clear what the word "liability" refers to, in practice it has been taken to be liability for damage caused by the happenings which occasioned or attended the patient's presence in the hospital, and a distinction, therefore, is to be made between entries in the hospital record which state details of diagnosis, treatment and prognosis with mention of facts helpful to the understanding of the medical or surgical case, and those which narrate events or state facts connected with the patient or the occasion for his resort to the hospital, but have no reference to his treatment or medical history in the hospital. Per WAIT, J.

Two ACTIONS OF TORT, the first for personal injuries suffered in a collision of a motor vehicle, driven by the plaintiff and owned by the plaintiff in the second action, with a motor vehicle of the defendant; and the second for damage to the motor vehicle. Writs dated August 29, 1927.

In the Superior Court, the actions were tried together before *Morton*, J. Material evidence and exceptions by the plaintiffs are stated in the opinion. There were verdicts for the defendant. The plaintiffs alleged exceptions.

G. L. c. 233, § 79, reads as follows:

"Records kept by hospitals under section seventy of chapter one hundred and eleven shall be admissible as evidence in the courts of the Commonwealth so far as such records relate to the treatment and medical history of such cases; but nothing therein contained shall be admissible as evidence which has reference to the question of liability."

The case was submitted on briefs.

*F. I. Rose*, for the plaintiffs.

*J. F. Cavanagh*, for the defendant.

WAIT, J.  These cases arose out of a collision on August 31, 1926, between a motor truck of the defendant and a sedan belonging to Meltzer and driven by Clark.  The jury, in answer to issues submitted to them, found that the collision was due to the carelessness of Clark, who at the time was not the agent of Meltzer; was the cause of damage to Meltzer's car in the amount of $800; and was not due to carelessness of the driver of the truck. There was conflict in the testimony of witnesses with regard to the presence or absence of an odor of liquor upon Clark's breath.  The trial judge refused to cause the words "marked odor alcohol on breath" to be omitted from a record of the Boston City Hospital relating to Clark put in evidence by the plaintiffs; and also refused to instruct the jury, as the plaintiffs requested, that the statement with regard to the odor on Clark's breath could be considered only "upon and in connection with his physical condition and it has no reference or connection with the liability or cause of the accident" and "is not evidence and does not prove that Clark was operating at the time of the accident under the influence of liquor."  Clark, though a witness, was not asked, nor did he testify, about any use of liquor by him on the day of the accident.  He was taken to the hospital immediately after the collision.

The plaintiffs contend that there was error in admitting the statement in the hospital record and in refusing to instruct as requested.  No other matter is argued.

It was decided in *Leonard* v. *Boston Elevated Railway,* 234 Mass. 480, that it could not be said that the words

"Odor of alcohol on breath" in a hospital record did not form part of the medical history of the case there reported, and that there was no error in admitting them in evidence. That decision is controlling here. The ruling admitting the words was right. No question was there presented, however, with regard to instructions to the jury in respect to the use of the record, and the case is not authority on that point. It settled only that the possibility that portions of a hospital record might have evidentiary value on questions of liability did not render them inadmissible; and it was stated in the opinion, page 483, that "The improper application of the facts recorded can be prevented by means of suitable instructions to the jury." The plaintiffs rely upon this language, and insist that they were entitled here to the instructions they asked. *Claffey* v. *Fenelon,* 263 Mass. 427, 433.

Apart from statutory authority such a record as was here put in evidence is hearsay and inadmissible. *Delaney* v. *Framingham Gas, Fuel & Power Co.* 202 Mass. 359. By St. 1905, c. 330, hospitals supported in whole or in part by the Commonwealth or a municipality, incorporated hospitals offering treatment free of charge or incorporated hospitals conducted as public charities were required to "keep records of the cases under their care and the history of the same in books kept for that purpose" and such records were made "admissible as evidence in the courts of the Commonwealth as to all matters therein contained." The case last cited held that the statute did not apply to records kept before the date of its passage, and by St. 1908, c. 269, the Legislature amended it to include records kept prior to April 25, 1905. Apparently the Legislature felt that entries were made which ought not to be taken in evidence; and St. 1912, c. 442, amended the earlier act by limiting the requirement to keeping "records *of the treatment* of the cases under their care and the *medical* history of the same" (inserting the words here italicized); and by striking out from the enactment giving the records admissibility in evidence the words "as to all matters therein contained" and inserting in their place "so far as such

records relate to the treatment and medical history of such cases; but nothing therein contained shall be admissible as evidence which has reference to the question of liability." The language of the statute does not make clear what "liability" is referred to. In practice it has been taken to be liability for damage caused by the happenings which occasioned or attended the patient's presence in the hospital. A distinction is, therefore, to be made between entries which record details of diagnosis, treatment and prognosis with mention of facts helpful to the understanding of the medical or surgical case, and those which narrate events or state facts connected with the patient or the occasion for his resort to the hospital, but have no reference to his treatment or medical history in the hospital. Thus in *Inangelo* v. *Petterson*, 236 Mass. 439, at page 440 it was held that the words "while patient was running along the road four days ago, she was run over by an automobile producing injuries as per local (left leg)" were properly to be excluded from the record offered in evidence.

In *Raymond* v. *Flint*, 225 Mass. 521, *Glass* v. *Metropolitan Life Ins. Co.* 258 Mass. 127, *Whipple* v. *Grandchamp*, 261 Mass. 40, *Unterberg* v. *Boston Elevated Railway*, 266 Mass. 10, *Souza* v. *Metropolitan Life Ins. Co.* 270 Mass. 189, hospital records dealing with the history and treatment of the case were considered upon the questions of liability arising in the proceedings; and in *Bilodeau* v. *Fitchburg & Leominster Street Railway*, 236 Mass. 526, 540, it was held that too strict a rule was imposed in confining consideration of an entry in a hospital record, "Vomited fluid twice resembling coffee grounds & had an odor of whiskey," simply to the treatment and medical history. This court, in the case last cited, held that the fact of the presence of an odor of whiskey in the *vomitus* of the injured man could be considered in deciding whether the patient had used whiskey shortly before the accident out of which the action arose; and, in substance, decided that facts shown by evidence of entries in hospital records admissible properly under the statute may be considered upon any issue to which they are relevant under the rules of law. The words of the

statute, "nothing therein contained," refer to such entries in the records, if there are any, as do not relate to treatment and medical history. They do not refer to the entries regarding treatment and medical history made admissible by the earlier portions of the enactment. To hold otherwise would deprive the statute of its beneficial effect. Our interpretation gives force to the statute in all its parts.

It follows that the plaintiffs' requests for instructions were denied properly. Adequate instructions, to which no exceptions were claimed, were given to the jury in the subject matter to which the entry admitted related.

*Exceptions overruled.*