COMMONWEALTH *vs.* EVELYN DAWN.

Bristol. October 24, 1938. — February 1, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Witness,* Expert. *Evidence,* Opinion: expert; Relevancy; Statement by patient to physician; Hospital record; Admitted without objection; Presumptions and burden of proof. *Practice, Criminal,* Exceptions: whether error harmful; Motion to strike out evidence; New trial. *Abortion.*

No error appeared in a finding by a judge, presiding at the trial of an indictment charging unlawful use of an instrument to procure a miscarriage, that a physician and surgeon, who had been a medical examiner for six years and had practised generally but particularly in obstetrics for thirty-nine years, and who had performed an autopsy

upon the body of the woman involved, was qualified to testify as an expert.

The admission of testimony by a medical examiner, qualified as an expert at the trial of an indictment charging unlawful use of an instrument to procure a miscarriage, that certain knitting needles shown him were of a type and kind capable of causing an abortion disclosed no error.

A defendant at a criminal trial was not prejudiced by a refusal to strike out an irresponsive answer to a question asked in cross-examination of a witness for the Commonwealth where it appeared that, in answer to a similar question immediately preceding, a responsive answer had been given.

It would be proper to refuse to permit a physician to testify at a criminal trial as to a statement, made to him by a patient who afterwards died, of the cause of the patient's injuries and condition where the statement was not made in circumstances that constituted it admissible as a dying declaration; and a hospital's record of such a statement by the patient in the same circumstances properly was excluded.

The defendant at a criminal trial was not entitled as of right to have granted a motion, presented for the first time at the close of his case, to have struck out evidence which had been introduced by the Commonwealth without objection.

A verdict of guilty was warranted, at the trial of an indictment charging unlawful use of an instrument to procure a miscarriage, by evidence in substance that a pregnant woman by appointment went to the home of the defendant, who was a trained nurse, and later was in pain in bed there; that the defendant stated to the woman's brother that she had removed part of a fetus and would remove more the following day; that after the woman died a few days later from infection an autopsy disclosed a puncture in the uterus which, in the opinion of a qualified expert, was caused by the introduction of a foreign instrument into the uterus; and that implements suitable for procuring an abortion were found in the defendant's home.

If there was evidence warranting conviction of the defendant at the trial of an indictment, it was immaterial that another person unassociated with the defendant may have had an equal motive and opportunity to commit the crime and had been charged with it.

A defendant in a criminal case cannot as of right by exception to the denial of a motion for a new trial bring before this court questions of law which were or might have been raised at the trial.

INDICTMENT, found and returned on February 8, 1937.

The case was heard without jury by *Hurley*, J.; and in this court was submitted on briefs.

*J. S. Seligman*, for the defendant.

*F. E. Smith*, Assistant District Attorney, for the Commonwealth.

DONAHUE, J.   The defendant was tried on an indictment which charged that she, with intent to procure a miscarriage,

unlawfully used an instrument upon the body of a woman and that in consequence thereof the woman died. (G. L. [Ter. Ed.] c. 272, § 19.) The defendant waived a trial by jury and was tried before a judge of the Superior Court who found her guilty. The case of one Wood, indicted as an accessory after the fact to the crime charged against this defendant, was tried with the defendant's case and he also was found guilty. The defendant filed a claim of appeal and her case comes before us on a summary of the record, a transcript of the evidence and seventeen assignments of error. The case was here submitted on briefs.

The deceased was twenty-three years old, unmarried, and lived with her parents in Fall River. She had been "keeping company" with one Lewis for about three and a half years. In early September, 1936, she became aware that she was pregnant and talked about the matter with Lewis. On the evening of October 27, 1936, Lewis drove her in an automobile to a house in South Swansea, owned and occupied by the defendant, who was a trained nurse. The deceased entered the house alone and shortly after came out and was driven away by Lewis. The defendant up to that time did not know and had never seen the deceased. At about nine o'clock in the evening of November 3, 1936, the deceased and Lewis again went to the defendant's house and this time both went in. In response to a question by Lewis the defendant said that she was the woman with whom the deceased had an appointment. Lewis went away, leaving the deceased in the house. The following evening Lewis went again to the defendant's house and stayed some time. The deceased was in bed. He heard her make exclamations of pain. Thereafter he visited the house five or six times while the deceased was there. A brother of the deceased went to the house of the defendant on November 8, 1936, saw his sister in bed there, and talked with the defendant. The defendant said that the deceased was getting along all right, and that she had removed part of a fetus and would try to remove more on the following day. She advised that the deceased should not be taken home for two or three days. On the evening of the eleventh of November the

deceased's brother and father took her home. The defendant went with them and gave the patient general nursing care. She came back again the next morning and said she thought the patient was all right. She returned on the evening of the same day and told the brother to call a doctor, whom she named. The brother was unable to reach the doctor mentioned and called another physician who ordered that the deceased be taken to a hospital, where she died on November 17, 1936.

The medical examiner for the district in which the death occurred, who performed an autopsy on the body of the deceased on the day of her death, was called as a witness by the Commonwealth. He testified at some length as to what he did and what he observed in performing the autopsy. Briefly stated, he testified that he found a one-quarter inch puncture wound in the top of the uterus and, just below the wound, evidence of a septic condition of a portion of the placenta and a condition of sepsis elsewhere in the contents of the abdominal cavity which, in his opinion, originated in the vicinity of the puncture wound, at a time between nine and twelve days before the death; that it was impossible to determine the stage of pregnancy; that in his opinion the puncture wound could have been caused only by the introduction of a foreign instrument into the uterus; that the death resulted from general sepsis associated with purulent peritonitis; and that this condition, which caused the death, was due to instrumental interference with pregnancy.

1. The first assignment of error is based on exceptions to opinion testimony of the medical examiner. The defendant contends that he was not shown to possess the qualifications to be permitted to testify as an expert witness. He testified that he had been medical examiner for over six years, and for thirty-nine years had been in general practice as physician and surgeon particularly in the line of obstetrics. The decision of the preliminary question whether the witness was qualified to give expert testimony was for the trial judge. The decision of the judge was conclusive since we cannot say on the evidence that it was erroneous as matter of law. *Commonwealth* v. *Spencer,* 212

Mass. 438, 448. *Jordan* v. *Adams Gas Light Co.* 231 Mass. 186, 189. *Lenehan* v. *Travers,* 288 Mass. 156, 159. *Adams* v. *Bolton,* 297 Mass. 459, 462.

2. The second assignment of error rests on an exception to the admission of the testimony of the medical examiner that certain knitting needles exhibited to him when on the witness stand by the district attorney were of a type and kind capable of causing an abortion by their introduction into the uterus of a pregnant woman. They were marked for identification and later, on the admission by the defendant that they were found in her house after the death of the deceased, they were introduced in evidence. A qualified medical expert, who has found in a woman conditions indicating that there has been an abortion by instrumental means, may give his opinion as to the kind of an instrument that would produce the conditions found. *Commonwealth* v. *Sinclair,* 195 Mass. 100, 109. His knowledge of anatomy and his professional experience give him a capacity to express an opinion in matters "beyond the range of general knowledge." *Commonwealth* v. *Brown,* 121 Mass. 69, 81. *Guinan* v. *Boston Elevated Railway,* 267 Mass. 526, 527. There was no error in the admission of the testimony of the medical examiner that the needles in question were capable of causing an abortion.

3. The third assignment of error is the refusal of the judge to strike out the answer of the medical examiner on cross-examination to the question "Do you want to leave it . . . that it is not a necessary thing to do at all in an autopsy to examine the blood?" The answer was, "I believed the evidence first, without microscopic examination." Just prior to this the witness had answered a similar question in the negative and immediately afterwards testified that he made no examination of the blood. The defendant could in no way be prejudiced by the refusal of the judge to strike out the answer to which exception was taken.

4. The fourth assignment of error was waived by the defendant.

5. The error alleged in the fifth assignment was the ex-

clusion of the question put to the medical examiner on cross-examination: "Is it possible for a woman to use a drug, such as ergot or pills containing ergot or other drugs, to abort herself?" The district attorney objected to the question and there followed a discussion between the judge and counsel for the defendant. Counsel said that he based the question upon a statement which, he asserted, was made by the deceased as shown by the record of the hospital where she was under treatment for a period preceding her death. In response to a question from the judge he said his contention was not that the statement was admissible as a dying declaration but that it was admissible because it was made to a physician under whose treatment she then was. The physician referred to was not called as a witness.

If we consider what counsel said as an offer of proof of what the physician if called would testify, the question was not competent. It was based by counsel on the erroneous assumption that a physician could testify to a statement made to him by his patient as to the cause of the patient's condition. A physician, when a witness, may in his testimony repeat statements made to him by a patient as to the patient's injuries, bodily or mental ailments, pains, symptoms, feelings or conditions, as the bases of an opinion formed by him and expressed by him on the witness stand. He cannot, however, testify as to a statement, made to him by the patient, of the cause of the patient's injuries or condition when the statement is not made in such circumstances as to make it admissible as a dying declaration. *Commonwealth* v. *Sinclair*, 195 Mass. 100, 108–109. *Roosa* v. *Boston Loan Co.* 132 Mass. 439. *Chapin* v. *Marlborough*, 9 Gray, 244. *Commonwealth* v. *Morris*, 264 Mass. 314, 317.

6. The ground of the sixth assignment of error is the action of the judge in striking out a portion of the testimony of Wood, who was indicted as an accessory after the fact to the crime alleged to have been committed by the defendant. The two cases were being tried together. The subject of the testimony was a conversation between Wood and Lewis at the police station after the death of the deceased.

Lewis, who had been indicted as an accessory before the fact but was not on trial, had been called as a witness by the Commonwealth. The testimony of Wood as to the conversation with Lewis at the police station was offered for the avowed purpose of contradicting testimony of Lewis with respect to the conversation. The judge allowed to stand so much of Wood's testimony with respect to the conversation as contradicted testimony of Lewis, and excluded the rest. The exclusion was not error.

7. The defendant waived the seventh assignment of error.

8. The eighth assignment of error is based on the refusal of the trial judge to admit in evidence a portion of the hospital record which contained a purported statement of the deceased as to the cause of her condition. The rest of the hospital record was admitted in evidence.

The defendant properly does not contend that the statement in question was admissible as a dying declaration under G. L. (Ter. Ed.) c. 233, § 64, or admissible under the statute which permits the admission of a declaration of a deceased person under stated circumstances, since that statute does not apply to criminal proceedings. G. L. (Ter. Ed.) c. 233, § 65. *Commonwealth* v. *Gallo,* 275 Mass. 320, 335, 336. Hospital records kept as required by G. L. (Ter. Ed.) c. 111, § 70, are admissible only "so far as such records relate to the treatment and medical history" of a patient. G. L. (Ter. Ed.) c. 233, § 79. *Glass* v. *Metropolitan Life Ins. Co.* 258 Mass. 127, 131. *Unterberg* v. *Boston Elevated Railway,* 266 Mass. 10. Any statement by the deceased, as to the cause of her condition, appearing in the hospital record, like such a statement made to her physician, was inadmissible. The exclusion of the statement in the hospital record relating to the cause of her condition was proper.

9. The ninth assignment of error is based on the denial of a motion, orally made by the defendant's counsel after the last witness called in her case had testified and just before she rested, asking generally that evidence concerning certain bottles and other articles introduced in evidence should be struck from the record because these exhibits were

not connected with the death of the deceased other than that they were found in the defendant's house.

The defendant contends that the motion should have been allowed on the ground that the exhibits referred to were offered for identification only and were not admitted for any other purpose. An examination of the transcript of the evidence shows this contention to be unfounded. The articles in question were originally offered and marked for identification but later, after it was admitted by defendant's counsel that they were found in the home of the defendant and before the Commonwealth rested, they were offered in evidence and marked as exhibits without objection or exception by the defendant. Furthermore, exceptions to matters of evidence must be taken seasonably when the evidence is offered. *Solomon* v. *Dabrowski*, 295 Mass. 358, 360. The defendant could not, as of right, for the first time, object to the admission of the exhibits introduced in evidence without objection or exception in the Commonwealth's case, by a motion to strike them out at the very close of the defendant's case.

10. The tenth, eleventh and twelfth assignments of error rest on requests for rulings, denied by the judge, in substance that the evidence did not warrant a finding that the defendant was guilty. The question of the sufficiency of the evidence to sustain the indictment should be raised by a motion for the finding of not guilty. *Commonwealth* v. *Polian*, 288 Mass. 494, 500. Rule 71 of the Superior Court (1932). Assuming the question to be properly before us, there was no error in denying the requests. There was evidence earlier herein set forth which warranted the judge in finding the defendant guilty.

11. The basis of the thirteenth assignment of error is the refusal of the judge to rule as requested that, if the deceased "by the use of pills or drugs, aborted herself, the defendant is not guilty of the crime as charged against her by reason of caring for her after the above-described abortion." As there was no evidence of the facts on which the request was based, its denial was not error.

12. The fourteenth assignment of error is grounded on

the refusal of the judge to give five requests for rulings. Four of them seek rulings as to the legal effect of portions of the testimony of the medical examiner. The judge was not obliged to rule on separate portions of the evidence. *Commonwealth* v. *Polian,* 288 Mass. 494, 501. The other request was to the effect that there was no affirmative evidence to prove the performance of a criminal operation by the defendant. This request was rightly denied. There was evidence, earlier herein recited, which, if believed, supported a finding that the defendant unlawfully operated on the deceased as charged in the indictment.

13. The basis of the fifteenth assignment of error is the refusal of the judge to rule as requested that, because there was no examination of the blood or the heart of the deceased, the medical examiner could not properly testify that the death was in his opinion due to general sepsis associated with purulent peritonitis. The difficulty with this contention is that he testified that he could reach that conclusion without such examination and there is nothing in the record that would permit us to say that he was wrong.

14. The sixteenth assignment of error is grounded on the denial by the judge of a request for a ruling to the effect that if two unassociated persons had equal motive and opportunity to commit a crime and there is nothing to indicate that one rather than the other is guilty, a conviction of either would be unwarranted, and the denial of a similar request with the added element that both such persons were charged with the identical offence. In order to convict in a criminal case, it is not necessary to show that the crime could not have been committed by any person other than the defendant or that no other person had an opportunity to commit it, *Commonwealth* v. *Leach,* 160 Mass. 542, 551, nor is it necessary to prove the motive of a crime. *Commonwealth* v. *Feci,* 235 Mass. 562. *Commonwealth* v. *Simpson,* 300 Mass. 45, 56.

15. The defendant's seventeenth assignment of error is based on the denial of the defendant's motion for a new trial. It alleges among other grounds that the finding of guilty was against the law, the evidence and the facts, and

that the refusal by the judge to give seventeen of the nineteen requests for rulings filed by the defendant at the trial was error.   All these matters were open at the trial.   The defendant, by an exception to the denial of the motion for new trial, could not of right bring before this court questions of law which were or might have been raised at the trial.   *Commonwealth* v. *Cero*, 264 Mass. 264, 275.   *Commonwealth* v. *Chin Kee*, 283 Mass. 248, 256.   *Commonwealth* v. *Osman*, 284 Mass. 421, 426.

The motion for a new trial also stated another ground. During the presentation of the Commonwealth's case, under the exception of the defendant, two letters addressed to her and found in her house were admitted in evidence. They appeared to be written by women and to seek aid in procuring an abortion.   During the trial the judge stated to counsel for the defendant that prior to the completion of the case he would entertain a motion to strike out the letters and any evidence predicated on the letters.   At the close of the evidence the judge reminded counsel of his earlier statement, and an oral motion to strike out the letters and all the cross-examination with respect to them was then made.   This was allowed by the judge, who further said that he would not consider such evidence.   The letters and the evidence pertaining thereto were thus eliminated from the case and there is no basis for belief that the defendant was prejudiced.

As we find no error of law in any of the assignments of error the judgment entered must stand.

*Judgment affirmed.*