COMMONWEALTH vs. LEONARD G. COPELAND.

Suffolk. May 2, 1978. — June 19, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, LIACOS, & ABRAMS, JJ.

*Evidence*, Hospital record, Relevancy and materiality.

Hospital records containing facts relevant to medical history or treatment
   are admissible under G. L. c. 233, § 79, without need for, and despite
   the absence of, testimonial corroboration. [440-442]
At a robbery trial, there was no error in excluding from evidence hospital
   records concerning the defendant's medical treatment for a gunshot

wound to his arm, offered to prove an impairment of his arm which would have been inconsistent with physical activities attributed to him by the robbery victims, where there was no information in the records as to any impairment of the defendant's arm as a result of the wound. [442-443]

INDICTMENTS found and returned in the Superior Court on November 21, 1975.

The cases were tried before *Roy, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

The case was submitted on briefs.

*Fern L. Nesson, Walter Boldys & Dennis J. LaCroix,* for the defendant.

*Daniel Englestein, D. Lloyd Macdonald, Thomas J. Carey, Jr., & Dennis J. Curran,* Assistant District Attorneys, for the Commonwealth.

QUIRICO, J. In February, 1976, the defendant was tried and convicted in the Superior Court on three indictments alleging that he had committed armed robberies against three persons in a single incident on October 16, 1975.[1] The defendant appealed to the Appeals Court, pursuant to G. L. c. 278, §§ 33A-33G, and argued assignments of error based on the trial judge's admission in evidence of "mug shot" photographs and the exclusion from evidence of certain hospital records. The Appeals Court affirmed the judgments of conviction by a rescript opinion. *Commonwealth v. Copeland,* 5 Mass. App. Ct. 879 (1977). The defendant applied for further appellate review by this court and we granted the request by our order of February 1, 1978, but limited it to the question of admissibility of the hospital records. For the reasons stated below, we hold that the judge did not abuse his discretion in excluding the records from the evidence, and we affirm the judgments of conviction.

---

[1] The defendant was tried with two codefendants who were charged with the same crimes under separate indictments. The codefendants were also convicted on all indictments, but they are not parties to the present appeals.

At a bench conference, after the Commonwealth had rested its case, the defendant sought to introduce copies of three hospital records from University Hospital, Inc. (hospital), in Boston, relating to the treatment of a gunshot wound in the defendant's right shoulder. The first record, dated October 6, 1975, indicated that approximately two weeks earlier the defendant had been shot in the right shoulder resulting in an entrance and exit wound, and that, as a consequence, he had been hospitalized in another hospital for five days. He complained of pain at the wound site and the wound was "oozing purulent looking material." The record indicates that the defendant was examined as an outpatient, with a diagnosis of a gunshot wound to the shoulder, after which he was discharged. The second record, dated October 8, 1975, indicated the presence of "pus infection" and "purulent drainage" of the gunshot wound which was "granulating but still mildly purulent," and there was "[n]o marked drainage or swelling." The record indicated further that the wound was cleaned, irrigated, and dressed. The third record, dated October 17, 1975, the day after the robbery, noted with regard to the wound, that there was "some granulation but persistent purulent drainage. No swelling or cellulitis."

The defendant offered these records in an attempt to prove an impairment of his right arm, which would have been inconsistent with physical activities attributed to him by the robbery victims. They testified that during the course of the robbery the defendant carried a shotgun while pushing and shoving them, and that he also searched them, pushed aside a wine rack, and scooped up money from a cash register. Apparently, the defendant sought to show by the hospital records that he could not have used his arm in the manner described and thereby to cast doubt on the victim's identification of him. The judge, however, excluded the records from evidence, stating that there was no indication in them of "any disability in respect of an impairment of the use of the right arm."

The Appeals Court, in affirming the judgments of conviction, held that the purpose for which the defendant sought to introduce the hospital records[2] was legitimate, and, "if material to that purpose, the admission of the record was required . . . even though it did not state in so many words that there was an impairment of the arm, the basis for exclusion given by the trial judge" (citations omitted). *Commonwealth* v. *Copeland, supra.* However, the court held further that here "there was no lay testimony as to the condition of the defendant's arm, of which the record might have been corroborative; nor was there any medical expert prepared to testify on the basis of or in addition to the record. An argument to the jury based on the bare hospital record would in this case have been only an appeal to speculation and conjecture. Apart from such speculation, the evidentiary weight of the record was so slight as to make its exclusion insignificant." *Id.*

Although we hold that the judge's exclusion of the hospital records was proper, we expressly disagree with the import of the Appeals Court's reasoning noted above. Inasmuch as that court's language can be read to imply that hospital records of the type at issue are admissible only in corroboration of lay or expert testimony of the patient's physical condition, we think it erroneous.

General Laws c. 233, § 79, as amended through St. 1974, c. 225, provides in part: "Records kept by hospitals, dispensaries or clinics, and sanatoria under [G. L. c. 111, § 70[3]] shall be admissible . . . as evidence . . . so far as such records relate to the treatment and medical history of such cases and the court may, in its discretion, admit copies of such records, if certified by the persons in custody thereof to be

[2] In its opinion, the Appeals Court referred to the excluded hospital records in singular form, presumably because the judge marked the records as one item for identification purposes. However, the assignments of error raise a question as to the exclusion of all three records, and, thus, our reference to them is in the plural.

[3] There is no contention that this hospital was not a hospital within the meaning of G. L. c. 111, § 70.

true and complete." The statute in effect provides an exception to the hearsay rule, allowing hospital records to be admitted to prove the truth of the facts contained therein, in so far as those facts pertain to treatment and medical history. *Commonwealth* v. *Franks*, 359 Mass. 577, 579-580 (1971), and cases cited. K.B. Hughes, Evidence §§ 598-600 (1961). See *Commonwealth* v. *Rembiszewski*, 363 Mass. 311, 318 (1973); *Commonwealth* v. *Concepcion*, 362 Mass. 653, 655 (1972); *McClean* v. *University Club*, 327 Mass. 68, 75 (1951). We have previously noted that the legislation making such evidence admissible was "enacted primarily to relieve the physicians and nurses of public hospitals from the hardship and inconvenience of attending court as witnesses to facts which ordinarily would be found recorded in the hospital books." *Commonwealth* v. *Franks, supra* at 579, quoting from *Leonard* v. *Boston Elevated Ry.*, 234 Mass. 480, 482 (1920). See *Usen* v. *Usen*, 359 Mass. 453, 455 (1971); *Commonwealth* v. *Ennis*, 2 Mass. App. Ct. 864, 865 (1974). The language of the Appeals Court's decision, however, seems to run counter to our statement of the statutory intent by coupling the admissibility of the hospital records to the concurrence of testimony by physicians, nurses, or other witnesses. Although there may be certain instances in which very technical medical language in a hospital record may be unintelligible to a jury without further explanation, that is not the situation before us. Cf. *Commonwealth* v. *Ennis, supra* (no abuse of discretion to exclude diagnostic opinions and other statements contained in a hospital record which posed problems of multiple level hearsay and required expert testimony to be properly understood by a jury). Rather, in cases such as the present one, the rule to be applied is that hospital records containing facts relevant to medical history or treatment are admissible without need for, and despite the absence of, testimonial corroboration.

Although we hold that the hospital records, standing alone, were competent as proof of the medical facts recited therein, the records, to be admissible, must have been relevant also to a material issue of the case. In determining

whether the records which were offered, but excluded, were relevant, we apply the rule that the evidence must have rendered the desired inference more probable than it would have been without it. See McCormick, Evidence § 185 (2d ed. 1972); *Green* v. *Richmond,* 369 Mass. 47, 59 (1975); *Crowe* v. *Ward,* 363 Mass. 85, 89 (1973). As we stated earlier, it appears that the inference which the defendant sought to establish was that he was unable to use his right arm during the robbery as the robber had done. The hospital records, however, gave no indication as to the extent of disability suffered by the defendant at the time he was shot or at the time of his treatment. Indeed, there was no information contained in the records from which the jury could infer that there was any "impairment" of the defendant's right arm as a result of the gunshot wound. As such, the records were void of probative value and shed no light on the defendant's physical ability to participate in the robbery. Consequently we hold there was no abuse of discretion in the judge's exclusion of the hospital records from evidence.

*Judgments of the Superior*
*Court affirmed.*