ROBERT A. BOUCHIE & another[1] *vs.* HARRIET E. MURRAY, administratrix.[2]

Essex. May 1, 1978. — October 10, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Evidence*, Hearsay, Hospital record.

In a negligence action, statements by the plaintiff's wife which were contained in the plaintiff's hospital record were inadmissible under G. L. c. 233, § 79, where the statements were not relevant to the diagnosis or treatment of the plaintiff. [527–531] BRAUCHER, J., concurring in the result.

---

[1] Salvatore LoGrande.

[2] Wallace Parsons, the original defendant, died during the pendency of the litigation, and Harriet E. Murray, the administratrix of his estate, was substituted as the defendant.

Analysis to be employed at trial to determine the admissibility of material contained in a hospital record. [531]

TORT. Writ in the Superior Court dated January 4, 1968.

The case was tried before *John P. Sullivan*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*I. Irving Kline* for the plaintiffs.

*Samuel F. Hyland* for the defendant.

ABRAMS, J. In this negligence action the plaintiffs, Robert A. Bouchie and Salvatore LoGrande, appeal from judgments for the defendant administratrix. The only issue before us is whether the trial judge erred in admitting certain portions of Bouchie's hospital record. We find error in the admission of the record and conclude that this error requires reversal and a new trial.

We summarize the facts. On April 1, 1966, at approximately 10:30 P.M., the plaintiffs were traveling in Bouchie's automobile in a westerly direction on Essex Avenue, a three-lane road running from Gloucester to Essex. Bouchie was driving, and LoGrande was seated in the front passenger seat. At the point on Essex Avenue where the plaintiffs were then located, the road has two westbound lanes, which are separated from each other by a broken white line, and one eastbound lane, which is separated from the westbound lanes by a solid yellow line.

While attempting to pass a slower westbound automobile, Bouchie's vehicle collided with an eastbound automobile which was being driven by Wallace Parsons. There was conflicting testimony concerning whether the impact occurred in the eastbound or in the westbound lane. LoGrande suffered an injury to the right knee, and Bouchie sustained a cerebral laceration to the left frontal temporal area.

At the trial Bouchie introduced testimony from Dr. Sidney Paly, a full staff member at Salem Hospital and

specialist in neurosurgery. Dr. Paly examined Bouchie on three occasions from April to October, 1966, for possible brain damage sustained by Bouchie as a result of the automobile accident. Dr. Paly stated that Bouchie was suffering from anosmia, a loss or impairment of the sense of smell.

On direct examination, Dr. Paly read the following notes from his October, 1966, office examination of Bouchie: "Working very hard. Works nights. Has bizarre habits. Hunts. Has bought new guns. Now has lost interest in the whole idea of guns. Sleeps a great deal. No ambition. Used to be very ambitious. Smell and taste still poor to absent. RE, olfactory deficit. No headache now. Cried a great deal. Wants to die."

Dr. Paly recommended that Dr. Charles M. Storey, a psychiatrist, evaluate Bouchie's psychiatric status. Dr. Storey examined Bouchie and forwarded his findings to Dr. Paly in a consultation record of the Salem hospital. During his cross-examination of Dr. Paly, the defendant attempted to introduce the entire Salem hospital record which included Dr. Storey's consultation record. The plaintiffs objected to the admission of the following sentences in the consultation record: "Wife says it occurred when [Bouchie] enraged and out of control. . . . [S]he felt he was going to have a nervous breakdown, but had the accident instead." The plaintiffs objected on the grounds that the statements made by Dr. Storey in the consultation record referring to what Mrs. Bouchie said were inadmissible and prejudicial and related more to the question of liability than to treatment or medical history. The judge declined to delete the sentences objected to by the plaintiffs.

The defendant continued his cross-examination of Dr. Paly. Without objection by the plaintiffs, Dr. Paly read the following from his notes of an April 14, 1966, office examination of Bouchie: "Nervous. Very flat effect. Irritated with children. Wife very agitated. Was very agitated and upset before the accident. Hit wife a lot before

the accident. Watches T.V. with no effect, no humor. Emotionally disturbed. Valium, 5 milligrams, four times daily. Question of accident relation to his personality disorder. Patient was in a rage."

The plaintiffs first contend that the challenged portions of the hospital record were inadmissible under G. L. c. 233, § 79, because they related to liability rather than to Bouchie's treatment and medical history. We need not decide this issue, however, since we conclude that in any event Mrs. Bouchie's statements contained in the hospital record are inadmissible. At least two of the statements do not relate to diagnosis or treatment and both of them are second-level hearsay which is not rendered admissible by the statutory hospital records exception to the hearsay rule, G. L. c. 233, § 79.[3]

General Laws c. 233, § 79, as amended through St. 1974, c. 225, provides in pertinent part: "Records kept by hospitals ... under [G. L. c. 111, § 70] shall be admissible ... as evidence ... so far as such records relate to the treatment and medical history of such cases ... but nothing therein contained shall be admissible as evidence which has reference to the question of liability." This statute in effect provides an exception to the hearsay rule which allows hospital records to be admitted to prove the truth of the facts contained therein, in so far as those facts relate to treatment and medical history. *Commonwealth* v. *Copeland*, 375 Mass. 438, 441-442 (1978).

The legislation was "enacted primarily to relieve the physicians and nurses of public hospitals from the hardship and inconvenience of attending court as witnesses to facts which ordinarily would be found recorded in the hospital books." *Leonard* v. *Boston Elevated Ry.*, 234 Mass. 480, 482 (1920). See *Commonwealth* v. *Copeland*, *supra* at 442. More importantly, however, the statute al-

---

[3] The plaintiffs' objection to the admission of those statements, which pointed out to the judge that Dr. Storey's statements referred to what Mrs. Bouchie said, was sufficient to raise this hearsay issue.

lows admission of the substantive content of hospital records because of the presumption of reliability which attaches to statements relating to treatment and medical history in these records. This presumption of reliability of the information contained in hospital records arises primarily from the fact that entries in these records are routinely made by those charged with the responsibility of making accurate entries and are relied on in the course of treating patients. See *Standard Oil Co. v. Moore*, 251 F.2d 188, 213 (9th Cir. 1957), cert. denied, 356 U.S. 975 (1958); McCormick, Evidence § 313 (2d ed. 1972); 4 J. Weinstein & M. Berger, Evidence par. 803 (6) [01] (1977); Note, Revised Business Entry Statutes: Theory and Practice, 48 Colum. L. Rev. 920, 922-923 (1948). See also *Mayor v. Dowsett*, 240 Or. 196, 225-226 (1965).

In interpreting the medical records exception to determine whether certain portions of records, which might relate to treatment and medical history, are admissible, the purpose of the statute—to admit presumptively reliable evidence without the necessity of calling numerous hospital personnel as witnesses—must be kept in mind. The statute is not to be interpreted as rendering admissible all the contents of hospital records; rather the medical records exception statute makes admissible only those portions of records relating to treatment and medical history which possess the characteristics justifying the presumption of reliability. See *Commonwealth v. Dawn*, 302 Mass. 255, 259-261 (1939); *Yates v. Bair Transp., Inc.*, 249 F. Supp. 681, 683 (S.D.N.Y. 1965); Note, Revised Business Entry Statutes: Theory and Practice, 48 Colum. L. Rev. 920, 927 (1948). Hence entries made in the regular course of the institution's operation from the personal knowledge of the recorder or from a compilation of the personal knowledge of those who have an obligation in the course of their employment to transmit that medical information to the recorder are admissible under the exception. Any other statements in the record which relate to treatment and medical history and which are offered

for the truth of the matter contained therein must fall within some other exception to the hearsay rule in order to be admissible. See *Kelly* v. *O'Neil*, 1 Mass. App. Ct. 313, 316-317 (1973); *Juaire* v. *Nardin*, 395 F.2d 373, 379 (2d Cir.), cert. denied sub nom. *Juaire* v. *Walter Marshak, Inc.*, 393 U.S. 938 (1968); McCormick, Evidence § 313 (2d ed. 1972); 4 J. Weinstein & M. Berger, Evidence par. 803 (6) [02] (1977); Green, The Model and Uniform Statutes Relating to Business Entries as Evidence, 31 Tul. L. Rev. 49, 61-64 (1956); Laughlin, Business Entries and the Like, 46 Iowa L. Rev. 276, 296-303 (1961); Note, Revised Business Entry Statutes: Theory and Practice, 48 Colum. L. Rev. 920, 926-929 (1948).

For this reason, therefore, the physician's record of the patient's own account of his medical history generally would be admissible because of the presumptive reliability of the patient's statement to a physician consulted for treatment. See, e.g., *Barber* v. *Merriam*, 11 Allen 322, 324-325 (1865); W. B. Leach & P. J. Liacos, Massachusetts Evidence 247-248 (4th ed. 1967); McCormick, Evidence §§ 292, 313 (2d ed. 1972).

As we have said, the hospital records statute is only designed to eliminate the cost and inconvenience of locating and calling as witnesses all those who wrote in a hospital record as well as all those who performed medical services for the patient and reported their results to a person authorized to enter the information in the hospital record. What gives the hospital records presumptive reliability is the fact that persons treating the patient rely on this information. However, the force of the presumption of reliability underlying the statute diminishes substantially where the statements contained in the hospital record derive neither from the personal knowledge of the physician nor from the patient himself, and may not have been made by the third person for the purpose of medical diagnosis or treatment. Mrs. Bouchie's statements to Dr. Storey that Bouchie was "enraged and·out of control" and that Bouchie "had the accident instead"

of a nervous breakdown clearly were not based on her personal observations. Moreover, we cannot imagine any way in which those two statements can be read as pertaining to diagnosis or treatment. Thus, there is no ground on which to find her statements admissible on objection by the plaintiffs. The hospital records exception was not designed to facilitate the admission in evidence of voluntary statements made by third parties which may have been included in the hospital record and unrelated to diagnosis or treatment. Thus statements objected to by the plaintiffs were not admissible under the hospital records exception. Moreover, they did not come within any other exception to the hearsay rule. The statements therefore were inadmissible to prove the truth of the matters contained therein.[4]

Consequently, we conclude that the admission of these statements by Mrs. Bouchie was erroneous. The defendant argues, however, that this error was harmless because similar evidence was introduced without objection through the testimony of Dr. Paly and because there was substantial evidence indicating that Bouchie, not the defendant, was negligent. However, since the evidence of liability is sufficiently conflicting, we are unable to conclude that the error was harmless. The judgments for the defendant must therefore be reversed.

At the retrial of this case, the judge may, in his or her discretion, decide that Mrs. Bouchie's statement that her husband "had been very unhappy [and] dissatisfied before [the] accident" is admissible under our statute be-

---

[4] This result is consistent with the leading case of *Johnson* v. *Lutz*, 253 N.Y. 124 (1930). In that case, statements were made by bystanders to a policeman at the scene of the accident. In holding that such statements contained in the policeman's report were inadmissible when offered in evidence, the court stated that the relevant business entry statute "was not intended to permit the receipt in evidence of entries based upon voluntary hearsay statements made by third parties not engaged in the business or under any duty in relation thereto." *Id.* at 128. See also *Gilligan* v. *International Paper Co.*, 24 N.J. 230 (1957).

cause it was made in circumstances which indicate that its inclusion in the hospital record was for the purpose of assisting medical personnel in diagnosis and treatment. We think that the statute may be read to permit the admission of a medical history taken from a person with reason to know of the patient's medical history by virtue of his or her relationship to the patient. Such a history may contain personal knowledge gained from observation or knowledge gained from an intimate relationship. We think that our statute should be read to include such statements if made for purposes of medical diagnosis or treatment and if the declarant's relationship to the patient and the circumstances in which the statements are made guarantees their trustworthiness. See *Commonwealth* v. *DeBrosky*, 363 Mass. 718, 725 n.6 (1973). See also 4 J. Weinstein & M. Berger, Evidence par. 803 (4) [01], at 123-124 (1977).

If the statement is found to be admissible in these circumstances, the trial judge should give appropriate limiting instructions to the jury that this evidence has no bearing on the question of liability. See *Leonard* v. *Boston Elevated Ry.*, 234 Mass. 480, 483 (1920).

In conclusion we recommend that the following analysis be employed at trial to determine the admissibility of material contained in a hospital record. First, the document must be the type of record contemplated by G. L. c. 233, § 79. Second, the information must be germane to the patient's treatment or medical history. *Clark* v. *Beacon Oil Co.*, 271 Mass. 27 (1930). Third, the information must be recorded from the personal knowledge of the entrant or from a compilation of the personal knowledge of those who are under a medical obligation to transmit such information. Fourth, voluntary statements of third persons appearing in the record are not admissible unless they are offered for reasons other than to prove the truth of the matter contained therein or, if offered for their truth, come within another exception to the hearsay rule or the general principles discussed *supra*.

*Judgments reversed.*

BRAUCHER, J. (concurring in the result). I agree that the judgments should be reversed because part of the hospital record admitted over objection and without any limiting instruction did not relate to treatment or medical history. But I do not join in all that is said in the opinion. Our hospital records statute, G. L. c. 233, § 79, is separate from our general business records statute, G. L. c. 233, § 78. I am not prepared to import into our statute a "general view" as to different statutes in other States, without some warrant in the text of our statute. See *Commonwealth* v. *DeBrosky*, 363 Mass. 718, 725 n.6 (1973). In particular, our hospital records statute "in effect provides an exception to the hearsay rule" for facts that "pertain to treatment and medical history." *Commonwealth* v. *Copeland*, 375 Mass. 438, 442 (1978). I find in the statute no requirement, as to such facts, that there be some other applicable exception to the hearsay rule. Cf. *Kelley* v. *Jordan Marsh Co.*, 278 Mass. 101, 110-111 (1932) (entries not relating to treatment or medical history). In my view the reliability of statements covered by the statute is left to the discretion of the trial judge by the explicit words of the statute.