A jury convicted the defendant, Ferssy Rodriguez-Green, of assault and battery on a family or household member, G. L. c. 265, § 13M(a ).[2] On appeal, the defendant contends (1) the evidence at the close of the Commonwealth's case was insufficient to support a finding that the victim and the defendant were members of the same household; (2) the judge erred in admitting certain portions of the victim's medical records; and (3) the prosecutor improperly misstated the evidence during summation. We affirm.
1. Motion for a required finding. At issue here is whether the Commonwealth presented sufficient evidence at the close of its case to satisfy any rational trier of fact beyond a reasonable doubt, Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), that the defendant and the victim were members of the same household.[3] The Commonwealth may satisfy the challenged element with proof that the defendant and the victim were "in a substantive dating or engagement relationship," G. L. c. 265, § 13M(c )(iii), as appearing in St. 2014, c. 260, § 23. Viewing the evidence "in the light most favorable to the prosecution," Latimore, supra, we are satisfied that the Commonwealth has met this burden.
First, evidence derived from the victim's medical records from the day of the incident, show that the victim identified the defendant as her "Significant Other." She also listed him as her emergency contact. Furthermore, the incident occurred at approximately 2:00 A.M. , and the defendant's mother was present in the apartment when police arrived.
Moreover, despite suffering a serious injury at the hands of the defendant (police found the victim, who attributed her injury to the defendant, in the bathroom, bleeding from a gash to her arm), the victim, according to what the defendant told police, protected the defendant from arrest by telling him to leave the apartment before the police arrived. The defendant did not flee the area but, rather, remained nearby, hidden in a car that was parked behind the apartment building and, finally, in further support of the existence of a substantive relationship, there was the defendant's statement to the police that the victim "would not testify against him." This evidence, together with all of the inferences that could be reasonably drawn therefrom sufficiently established that the victim and the defendant were in a substantive dating relationship and, thus, that they were members of the same household. Commonwealth v. Dustin, 476 Mass. 1003, 1006 (2016) (discussing various ways to show existence of "substantive dating relationship"). We perceive no error.
2. Admission of medical records. The defendant next challenges the admission of three portions of the victim's medical records. He argues the first page is inadmissible because it states the victim was a "Crime Victim" and that she was married, with the defendant as a "Significant Other." He also takes issue with the admission of three references to the victim having been the subject of an assault, and, finally, he disputes the admission of an unidentified quote in an emergency medical technician's (EMT's) report, which states that "he beat her up bad." The defendant did not object to the first of these portions but did object to the other two.
a. Standard for the admissibility of medical records. Pursuant to G. L. c. 233, § 79, patient records kept by hospitals under G. L. c. 111, § 70, "shall be admissible ... as evidence ... so far as such records relate to the treatment and medical history of such cases." Bouchie v. Murray, 376 Mass. 524, 527 (1978), quoting from an earlier version of § 79. This statute is interpreted liberally, allowing admission of medical records "even though incidentally the facts recorded may have some bearing on the question of liability." Commonwealth v. Atencio, 12 Mass. App. Ct. 747, 751 (1981), quoting from Leonard v. Boston Elev. Ry., 234 Mass. 480, 483 (1920). However, "'ultimate conclusions concerning the charged crimes' must be redacted." Commonwealth v. Dargon, 457 Mass. 387, 394 (2010), quoting from Commonwealth v. Dwyer, 448 Mass. 122, 137 (2006). Furthermore, to be admissible,
"[1] the document must be the type of record contemplated by G. L. c. 233, § 79 [;] ... [2] the information must be germane to the patient's treatment or medical history[;] ... [3] the information must be recorded from the personal knowledge of the entrant or from a compilation of the personal knowledge of those who are under a medical obligation to transmit such information[; and] ... [4] voluntary statements of third persons appearing in the record are not admissible unless they are offered for reasons other than to prove the truth of the matter contained therein or, if offered for their truth, come within another exception to the hearsay rule or the general principles discussed [herein]."
Bouchie, supra at 531.
b. Unobjected-to hearsay challenge. We review the unobjected-to challenge to the admission of the first page of the medical records for any error that created a substantial risk of a miscarriage of justice, Dargon, supra, and discern none. First, the statement that the victim was a "Crime Victim" comprised a single entry among thirty-six pages of information that overwhelmingly dealt with the treatment of the victim. We do not see that one passing reference to her being a "Crime Victim" would affect the jury's verdict, see Commonwealth v. DiMonte, 427 Mass. 233, 242 (1998) (no error when hospital records contained conclusions as to crime charged but overwhelmingly dealt with treatment), particularly where, as here, the evidence of guilt was overwhelming. Police found the victim bleeding from a gash to her arm. Referring to the defendant, the victim was heard exclaiming, "I can't believe he did this to me," and police found the defendant (who had fled the scene) with bloodied hands and clothing hiding in a car just outside the victim's apartment building.
The admission of the statement that the defendant was the victim's "Significant Other" and that she was married, even if error, also did not create a substantial risk of a miscarriage of justice, as the jury heard other substantial evidence, including testimony from the victim during the defendant's case-in-chief, that the two were in a dating relationship. See Commonwealth v. Gabbidon, 398 Mass. 1, 5 (1986) (no harm when error does "not relate to an issue actively contested at trial").
c. Objected-to hearsay challenges. We review the defendant's objected-to challenges to the three references to the victim being the subject of an "assault" and the entry in the EMT record that "he beat her up bad" for prejudicial error, Dargon, supra, but discern none.[4]
Given the overwhelming testimonial and documentary evidence of the seriousness of the injury the victim suffered at the hands of the defendant, we are not persuaded that these comments influenced the jury's verdict. The arresting officer described a "large laceration" to the victim's arm, and medical records detailed the extensive injuries to her face and arm. Furthermore, the jury does not appear to have been swayed by any inadmissible hearsay, as they acquitted the defendant of the more serious offense of assault and battery by means of a dangerous weapon. See Commonwealth v. Bastaldo, 472 Mass. 16, 34-35 (2015) (no prejudice if error does not affect verdict).
3. Commonwealth's closing argument. Last, the defendant asserts that the prosecutor twice misstated the evidence during his summation. The prosecutor argued, without evidentiary support, that the defendant told police that the victim was his wife, and that the victim told police that the defendant was her boy friend.
In determining the impact of a prosecutor's misstatement, we look to "(1) whether the defendant seasonably objected; (2) whether the error was limited to collateral issues or went to the heart of the case; (3) what specific or general instructions the judge gave the jury which may have mitigated the mistake; and (4) whether the error, in the circumstances, possibly made a difference in the jury's conclusions." Commonwealth v. Kater, 432 Mass. 404, 422-423 (2000), citing Commonwealth v. Kozec, 399 Mass. 514, 518 (1987). Applying these factors, we do not see that a substantial miscarriage of justice was created here. See Commonwealth v. Gupta, 84 Mass. App. Ct. 682, 690 (2014).
First, the defendant did not lodge a seasonable objection. Second, the judge instructed the jury twice that closing statements are not evidence. Finally, although the comments went to an element of the offense, there is little possibility they affected the verdict, as there was overwhelming evidence that the victim and the defendant were members of the same household, including the victim's trial testimony that she and the defendant were in a dating relationship.[5]
Judgment affirmed.

The jury acquitted the defendant of a charge of assault and battery by means of a dangerous weapon.

The Commonwealth contends the defendant waived this argument by not specifically identifying it in his motion for a required finding of not guilty. However, a motion for a required finding of not guilty need not specify the precise challenge. See Commonwealth v. Mills, 436 Mass. 387, 391 (2002) (defendant made general motion for required finding, but raised specific argument on appeal, which court reviewed without reservation).

There likely was no error in the admission of the EMT entry "he beat her up bad," see DiMonte, supra at 241-242, but we need not reach this issue, as we see no prejudice flowing from its admission.

To the extent the defendant raises the claim that cumulative error warrants reversal, it is unavailing. "The cumulative error was no more prejudicial than the individual errors, which had minimal impact." Commonwealth v. Kosilek, 423 Mass. 449, 457 (1996).