A jury convicted the defendant, Travis Gagne, of two counts of assault and battery on a household member ( G. L. c. 265, § 13M [a ] ), and one count of strangulation ( G. L. c. 265, § 15D [b ] ).[2] On appeal, he contends the judge impermissibly admitted the victim's prior consistent statements, her telephone call to 911, and her medical records. We affirm.
Discussion. The defendant preserved his objections to each of the judge's rulings, so we review his claims for prejudicial error. See Commonwealth v. Hatzigiannis, 88 Mass. App. Ct. 395, 396 (2015).
1. Prior consistent statements. The defendant contends that, because he never suggested the victim's testimony was the result of a recent contrivance or bias, her prior consistent statements were impermissibly admitted. We are not persuaded.
Prior consistent statements are generally inadmissible. Commonwealth v. Rivera, 430 Mass. 91, 99 (1999). "A prior consistent statement may, however, be admitted to support the testimony of a witness who has been impeached by a suggestion that his testimony is the product of bias or contrivance." Commonwealth v. Kindell, 44 Mass. App. Ct. 200, 203 (1998). See Mass. G. Evid. § 613(b)(2) (2018). "[T]he prior consistent statement must have been made before the motive to fabricate or act out of bias arose." Kindell, supra. The decision to admit such statements is in the discretion of the trial judge. Commonwealth v. Lessieur, 472 Mass. 317, 323, cert. denied, 136 S. Ct. 418 (2015).
Here, months after the victim's initial conversations with the police, the victim recanted in an affidavit her claims that the defendant beat her. At trial, however, the victim repudiated the affidavit and, consistent with her earlier statements, she reiterated her original statements to the police.
On cross-examination, defense counsel questioned the victim regarding a recent charge of operating while under the influence and whether the charge incentivized her to curry favor with the prosecution. It was after this claim of recent bias that the judge permitted the responding officers to testify to the victim's statements on the night of her 911 telephone call.
A witness's pending criminal charges are classic sources of bias in favor of the prosecution. See Commonwealth v. DiMuro, 28 Mass. App. Ct. 223, 228 (1990). Accordingly, defense counsel's cross-examination opened the door to the admission of the prior consistent statements the victim gave to police before "the motive to act out of bias arose." Kindell, supra. There was no error.
2. 911 telephone call. We also see no merit to the defendant's hearsay challenge to the admission of the victim's 911 telephone call. Hearsay is admissible as a spontaneous utterance "if (1) there is an occurrence or event 'sufficiently startling to render inoperative the normal reflective thought processes of the observer,' and (2) if the declarant's statement was 'a spontaneous reaction to the occurrence or event and not the result of reflective thought.' " Commonwealth v. Santiago, 437 Mass. 620, 623 (2002), quoting from 2 McCormick on Evidence § 272, at 204 (J.W. Strong ed., 5th ed. 1999).
The 911 telephone call here satisfies both of these prongs. First, the victim's report of fleeing from an attack meets the test for a startling event. See Commonwealth v. Nunes, 430 Mass. 1, 4 (1999) ("The statement itself may be taken as proof of the exciting event"); Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 & n.13 (2008) (assault and battery a sufficiently startling event). Second, the fact that the victim was hiding in the bushes and tentative to come out from hiding when she made the telephone call shows that she was still under the influence of the startling event. See Commonwealth v. McLaughlin, 364 Mass. 211, 223 (1973) (no required time between event and statement; each case decided on its own facts).
3. Medical records. Last, the defendant claims that admission of redacted emergency medical technician (EMT) reports and hospital records relating the victim's statements as to how she got her injuries were improperly admitted. We disagree.
Pursuant to G. L. c. 233, § 79, patient records kept by hospitals under G. L. c. 111, § 70, "shall be admissible ... as evidence ... so far as such records relate to the treatment and medical history of such cases." Bouchie v. Murray, 376 Mass. 524, 527 (1978), quoting from G. L. c. 233, § 79. This statute applies to EMT reports as well as proper hospital records. See Commonwealth v. Palacios, 90 Mass. App. Ct. 722, 726-727 (2016). Because we construe § 79"liberally," medical records are admissible "even though incidentally the facts recorded may have some bearing on the question of liability." Commonwealth v. Ackerman, 476 Mass. 1033, 1034 (2017), quoting from Commonwealth v. Dargon, 457 Mass. 387, 394 (2010). Furthermore, "fact-specific references to the reported cause of [a patient's] injuries are part of her medical history and are relevant to treatment." Commonwealth v. DiMonte, 427 Mass. 233, 242 (1998).
Here, although the medical records contained the victim's statements that she was attacked and "strangled," they were admissible. First, the cause of the victim's injuries, including that they resulted from strangulation, was admissible treatment evidence. See ibid. Furthermore, even if the cause of her injuries was inadmissible, where the victim properly testified to the nature of the attack, including that she was strangled, the admission of the challenged evidence "did not prejudice the defendant [in light of it being] merely cumulative of properly admitted evidence." Commonwealth v. Barbosa, 463 Mass. 116, 130 (2012), quoting from Commonwealth v. Wilson, 427 Mass. 336, 348 (1998). We again discern no error.
Judgments affirmed.

The jury also acquitted the defendant of assault with intent to commit a felony (kidnapping) and assault by means of a dangerous weapon (motor vehicle).