WILBUR COWAN vs. JOHN M. McDONNELL
(and a companion case[1]).

Suffolk.   November 6, 1952. — April 7, 1953.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Evidence,* Hospital record.

At the trial of an action for an assault where a record of a city hospital
of the treatment and medical history of the plaintiff after the alleged
assault was admitted in evidence under G. L. (Ter. Ed.) c. 233, § 79,
as amended, it was error not to allow the words in such record "im-
pression, odor of alcohol" to be read to the jury.

TWO ACTIONS OF TORT.   Writs in the Superior Court
dated May 27, 1947.

At the trial before *Swift,* J., there were verdicts for the
plaintiff.   The defendants alleged exceptions.

*William L. Baxter,* Corporation Counsel, & *Joseph
Graglia,* Assistant Corporation Counsel, for the defendants,
submitted a brief.

*Herbert L. Barrett,* (*John J. Mackin* with him,) for the
plaintiff.

COUNIHAN, J.   These are two actions which were tried
to a jury together with *Cowan* v. *Eastern Racing Association,
Inc.*   They arose out of an alleged assault on this plaintiff
by these two defendants.   The circumstances of the alleged
assault are recited in the opinion in *Cowan* v. *Eastern Racing
Association, Inc., ante,* 135.

During the trial the defendants in these actions intro-
duced through the custodian of records of the Boston City
Hospital a record of the treatment and medical history of
the plaintiff shortly after the alleged assault.   Part of this
record contained the words "impression, odor of alcohol."
Subject to the exceptions of the defendants the judge ex-
cluded the reading of these words to the jury.   These ex-
ceptions present the only matter for our consideration.

[1] The companion case is by the same plaintiff against Salvatore J. Ingenere.

There was error in the exclusion of this testimony.

General Laws (Ter. Ed.) c. 233, § 79, as amended, controls the admissibility of hospital records. So far as pertinent, it reads, "Records kept by hospitals under section seventy of chapter one hundred and eleven *shall* be admissible . . . so far as such records relate to the treatment and medical history of such cases . . . but nothing therein contained shall be admissible as evidence which has reference to the question of liability" (emphasis supplied).

General Laws (Ter. Ed.) c. 111, § 70, as amended, so far as pertinent reads, "Hospitals supported in whole or in part by contributions from the commonwealth or from any town . . . shall keep records of the treatment of the cases under their care and the medical history of the same."

The Boston City Hospital as its name implies is obviously a hospital as described in c. 233, § 79, which was required to keep records under c. 111, § 70.

The question of the admissibility of the excluded words is governed by *Leonard* v. *Boston Elevated Railway*, 234 Mass. 480. That case was an action of tort for personal injuries arising out of an accident and it was held that the words "Odor of alcohol on breath" in the records of treatment of the plaintiff at the Cambridge City Hospital after the accident, were properly admitted. After discussing statutes which were forerunners of c. 233, § 79, at pages 482–483 the court said, "In our opinion a reasonable and practical construction of the statute requires that a record which relates directly and mainly to the treatment and medical history of the patient, should be admitted, even though incidentally the facts recorded may have some bearing on the question of liability. . . . We are unable to say as matter of law that the [words] 'Odor of alcohol on breath' could not relate to the plaintiff's medical history." *Bilodeau* v. *Fitchburg & Leominster Street Railway*, 236 Mass. 526, 540. *Clark* v. *Beacon Oil Co.* 271 Mass. 27. *Burke* v. *John Hancock Mutual Life Ins. Co.* 290 Mass. 299, 304–305.

*Exceptions sustained.*