COMMONWEALTH *vs.* CLEMIS FRANKS, JR.

Suffolk. March 1, 1971. — June 8, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, REARDON, & BRAUCHER, JJ.

*Evidence,* Hospital record. *Constitutional Law,* Confrontation of witnesses.

A hospital record of laboratory tests made on the victim of a rape, being a copy of a card kept in the laboratory and containing only medical facts as of the date of examination, was a part of the "medical history" of the victim under G. L. c. 233, § 79, and there was no abuse of discretion on the part of the judge in admitting the record in evidence at a trial for the rape, even though the gynecologist who examined the victim and testified had no personal knowledge as to the making of the tests [580]; there was no merit in a contention by the defendant that admission of the record violated his constitutional "right to confront the witness against him" [580–581].

INDICTMENT found and returned in the Superior Court on June 30, 1969.

The case was tried before *Campbell, J.*

*Alexander Whiteside, II (Reuben Goodman* with him) for the defendant.

*Edward T. Crossen,* Assistant District Attorney *(Elizabeth C. Casey,* Legal Assistant to the District Attorney, with him), for the Commonwealth.

TAURO, C.J. The defendant appeals from a conviction on an indictment charging him with raping a female child on June 16, 1969. Shortly after the alleged incident the victim described her assailant to the police and was taken to the Boston City Hospital. The sole issue presented involves the admissibility of hospital records under G. L. c. 233, § 79.

At the trial, the fifteen year old victim made an in-court identification of the defendant and described the details of the rape. Defence counsel stipulated that the records came from the Boston City Hospital. However, he objected to their admission on the grounds that the records did not refer to "treatment and medical history," being rather a laboratory test which was prepared for purposes of prosecution, and that since the records did not identify the person who made the laboratory tests, the defendant was therefore denied his constitutional right of confrontation. See art. 12 of the Declaration of Rights of the Massachusetts Constitution.

The hospital records admitted over the defendant's objection contained the following information, written in longhand: "[the victim's name] Assault Case 3274 6/18/69 (Taken 6/16/69) Dr. Klein Smear: occ. Sperm seen Saline: occ. Sperm seen Culture: negative."

Dr. Thomas A. Klein, a gynecologist at the Boston City Hospital, testified that he examined the victim at the hospital on June 16, 1969, and that laboratory tests were made. He further testified that when a record is made as a result of a laboratory examination, a card is kept in the laboratory and that when the record is brought to court, a copy of the

card is generally made; that exhibit 1B (contested hospital record) "appears to be a copy of such a card"; that he merely took samples on which laboratory tests were later performed. He took the sample from the victim and placed it in a refrigerator in the hospital and did not have personal knowledge of what was done thereafter. He testified that he had no independent recollection of the results of the test and that the results of such tests are not made available to the doctors performing the examination unless specifically requested.

The witness also testified that except for venereal disease detection, the specimens are taken for court appearances; that the records kept on file cards in the laboratory "don't enter into the treatment of the patient in the hospital so they do not become a part of the patient's physical chart."

1. Our decisions have demonstrated liberal interpretation of the statute in the admission of hospital records. G. L. c. 233, § 79. In *Leonard* v. *Boston Elev. Ry.* 234 Mass. 480, 482–483, we stated, "Apparently the legislation making this hearsay evidence admissible was enacted primarily to relieve the physicians and nurses of public hospitals from the hardship and inconvenience of attending court as witnesses to facts which ordinarily would be found recorded in the hospital books. . . . As we . . . [we stated] in *Whipple* v. *Rich,* 180 Mass. 477, 479; 'Evidence admissible for one purpose, if offered for that purpose in good faith, is not made inadmissible by the fact that it could not be used for another with regard to which it has a tendency to influence the mind.' "

In *Cowan* v. *McDonell,* 330 Mass. 148, this court sustained the defendant's exceptions to the exclusion of the words "impression, odor of alcohol," contained in a record of Boston City Hospital concerning the plaintiff's treatment and medical history, shortly after an assault for which the plaintiff sued.

In an action for injuries, the portions of an original record of the emergency room reciting the hour at which the plaintiff was admitted to the hospital was admissible as

treatment and medical history even though that fact incidentally was found to have had some bearing on the question of liability. *Cohen* v. *Boston Edison Co.* 322 Mass. 239. The court said, "Once admitted, the record of that fact could be considered on any issue to which it was relevant under the rules of law." P. 241.

The recital of injury from inhalation of "illuminating gas" in hospital records was admissible under this section. *Wadsworth* v. *Boston Gas Co.* 352 Mass. 86, 93.

The contested record contains only medical facts as of the date of examination on June 16, 1969, therefore, the record can be construed as part of the "medical history" of the patient at the Boston City Hospital. The argument urged by the defendant as to the manner the records were kept and lack of personal knowledge on the part of Dr. Klein regarding laboratory tests goes to the weight of the evidence and not its admissibility. See *Wheeler* v. *United States*, 211 F. 2d 19, 23 (Ct. App. D. C.), where the court admitted slides of vaginal smear samples under the Federal Business Records Act "because they represent routine reflections of day-to-day operations," and stated that the witness's lack of personal knowledge about the slides affected their weight as evidence, not their admissibility. See also *Thomas* v. *Hogan*, 308 F. 2d 355, 360 (4th Cir.), which states, "We read the statute [Federal shop-book statute, 28 U. S. C. § 1732 (1958)] as supplying a presumption that diagnoses and scientific tests are properly made by qualified personnel, if the recorded information reflects usual routine of the hospital and if it is the practice to record such data contemporaneously or within a reasonable time."

2. The defendant contends that the admission of the hospital record is unconstitutional in that it violates his "right to confront the witness against him." "It is not argued nor could it be, that the constitutional right to confrontation requires that no hearsay evidence can ever be introduced." *Dutton* v. *Evans*, 400 U. S. 74, 80. There are a few criminal cases which involve evidence under G. L. c. 233, § 79. In *Commonwealth* v. *Millen*, 289 Mass. 441,

482, hospital records were excluded in the absence of evidence of authenticity. In *Commonwealth* v. *Dawn,* 302 Mass. 255, 261, the question was whether the portion of the hospital record which contained a purported statement of the deceased as to the cause of her condition could be admitted. The court upheld the lower court in excluding the portion dealing with the cause of the medical condition, but the rest of the hospital record was admitted in evidence, apparently without objection.

In *Commonwealth* v. *Pinnick,* 354 Mass. 13, 16, a prosecution for assault and battery by means of a dangerous weapon, hospital records were admitted "on the nature of the victim's injuries."

The defendant misplaces reliance on *Meunier's Case,* 319 Mass. 421, as authority for his argument that the admission of the hospital records against him would be "binding" and thus unconstitutional. The short answer is that the hospital records are not "binding" but merely evidence which may be contradicted, qualified, believed or disbelieved. In *Meunier's Case,* the statute (G. L. c. 152, § 9B) struck down by this court as unconstitutional required that the ex-parte report of medical referees be admitted as "binding evidence."

We conclude that there was no abuse of discretion in the admission of the Boston City Hospital records. Moreover, the hospital laboratory test result showing "sperm" was cumulative evidence in view of the fact that the victim gave birth on March 2, 1970.

3. We do not decide the question whether all information contained in a hospital record which is admissible under the statute may be introduced in evidence against a defendant in a criminal case. See *United States* v. *Johns-Manville Corp.* 231 F. Supp. 690, 695 (D. Pa.) (dictum).

*Judgment affirmed.*