COMMONWEALTH vs. LEONARD ENNIS. August 12, 1974. The defendant was indicted for assault with intent to rape, and was convicted by a jury of simple assault. See *Commonwealth* v. *Eaton, ante*, 113 (1974). The defendant has briefed and argued three exceptions relating to (1) the admissibility of certain evidence and (2) the judge's instructions to the jury. All the exceptions are without merit. Although the judge permitted the defendant's attorney to read to the jury the "discharge note" from the victim's hospital records, indicating "schizophrenic reaction, paranoid type," he excluded other parts of the hospital record which involved conversations and pyschiatric conclusions concerning the victim's fear of being molested by men. General Laws c. 233, § 79, providing

for the admissibility of hospital records, "was enacted primarily to relieve the physicians and nurses of public hospitals from the hardship and inconvenience of attending court as witnesses to facts which ordinarily would be found recorded in the hospital books." *Commonwealth* v. *Franks,* 359 Mass. 577, 579 (1971), quoting *Leonard* v. *Boston Elev. Ry.* 234 Mass. 480, 482 (1920). Thus, such facts as the odor of alcohol (*Cowan* v. *McDonnell,* 330 Mass. 148, 149 [1953]) and the results of laboratory tests (*Commonwealth* v. *Franks, supra*) have been admitted under this section, as have "tentative opinion[s] . . . sufficiently related to the [patient's] treatment and medical history." *Commonwealth* v. *Concepcion,* 362 Mass. 653, 655 (1972). However, we are of the opinion that the judge did not abuse his discretion in the case before us in excluding diagnostic opinions and other statements which posed problems of multiple level hearsay (see *Kelly* v. *O'Neil,* 1 Mass. App. Ct. 313, 316 [1973]) and required expert testimony to be properly understood by a jury. See *New York Life Ins. Co.* v. *Taylor,* 147 F. 2d 297, 302-305 (D. C. Cir. 1945); *Gass* v. *United States,* 416 F. 2d 767, 771, n. 17 (D. C. Cir. 1969); *United States* v. *Bohle,* 445 F. 2d 54, 62-66 (7th Cir. 1971). The admissibility of the unsigned laboratory report (concerning sperm in the vaginal smear) under G. L. c. 233, § 79, has been decided adversely to the defendant in *Commonwealth* v. *Franks, supra,* at 580. The judge's refusal to charge the jury as requested by the defendant was not error. The judge adequately instructed the jury on the element of consent as it related to the greater and the lesser included offenses with which the defendant was charged, and, taken as a whole, the charge was fair. *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 720-721 (1974), and cases cited.

*Exceptions overruled.*

*David M. Skeels* for the defendant.

*Michael DeMarco,* Assistant District Attorney, for the Commonwealth.