PAUL J. ROSENBAUM *vs.* CLAIRE LAMONTAGNE. June 10, 1975. The petitioner, the adjudicated father of a minor child, filed two petitions seeking custody of the child. (One petition requested custody and the other, guardianship with custody.) The petitioner appeals from decrees of a judge of the Probate Court dismissing both petitions, with prejudice, for the reason that the petitioner had failed to comply with an order of the court requiring him to furnish a financial statement pursuant to Rule 49 of the Probate Court (1973). It was error to dismiss the petitions for the reason stated, because Rule 49 applies only to a proceeding in which a party requests an order granting, modifying, or terminating alimony or support payments. Such a request was not part of either petition, or of the respondent's answer to either petition. The decrees dismissing the petitions must be reversed, and the case is remanded to the Probate Court for further proceedings upon the petitions.

*So ordered.*

*David G. Stern* for the petitioner.

JAMES F. HOLLOMAN *vs.* PIONEER DODGE COMPANY, INC. & another. June 10, 1975. This is an action of tort in which the plaintiff seeks to recover for personal injuries sustained in an automobile accident. The plaintiff appeals. Mass.R.Civ.P. 1A, subpar. 7, 365 Mass. 732 (1974). 1. The trial judge did not err in allowing the defendants' attorney to read to the jury an entry in the Salem Hospital records dated the day of the accident relating the results of a routine test of the plaintiff's blood, indicating a blood alcohol level of .37 percent. *Thomas* v. *Hogan,* 308 F. 2d 355, 360 (4th Cir. 1962). The plaintiff's sole contention, that the defendants' failure to show that the test was properly performed by qualified personnel rendered the test results inadmissible, is· without merit. *Commonwealth* v. *Franks,* 359 Mass. 577, 580 (1971). *Commonwealth* v. *Ennis,* 2 Mass. App. Ct. 864, 865 (1974). 2. The test results having been properly admitted, there was no error in allowing the defendants' fully qualified expert to testify to their significance. Judgments for the defendants are to be entered on the verdicts.

*So ordered.*

*John P. McGloin (Arthur E. Gustafson, Jr.,* with him) for the plaintiff.

*Daniel A. Lynch* for the defendants.