COMMONWEALTH *vs.* FRANK DePINA. December 5, 1980. After the surrender of the defendant by the county probation department a judge of the Superior Court ordered him committed to a house of correction on a previously imposed suspended sentence. The defendant appeals from that order.

This case has been argued on the footing that the defendant was originally sentenced to a suspended one-year term on a plea of guilty to a violation of G. L. c. 140, § 128.[1] The defendant claims this sentence is invalid. We agree.

"[W]here it appears, as it does here, that a defendant was sentenced for a crime other than that of which he was convicted, it is within the appellate power of this court to vacate the sentence and to take steps necessary to correct the error." *Commonwealth* v. *Franks*, 365 Mass. 74, 81 (1974). As the Commonwealth concedes that the defendant could only be fined on his first violation of G. L. c. 140, § 128, a sentence of incarceration is perforce invalid.

The Commonwealth's arguments suggesting a waiver of certain statutory rights by the defendant and some sort of binding agreement miss the point completely.

We accordingly reverse the order committing the defendant and remand the case to the Superior Court for new sentencing of the defendant for his violation of G. L. c. 140, § 128.

*So ordered.*

The case was submitted on briefs.
*Raymond A. Letourneau* for the defendant.
*David H. Waxler*, Assistant District Attorney, for the Commonwealth.


[1] The defendant's conviction on his plea of guilty to an indictment charging a violation of G. L. c. 269, § 10(*h*), as amended by St. 1974, c. 649, § 2, was placed on file (apparently with his consent), and thus that conviction is not before us. See *Commonwealth* v. *Delgado*, 367 Mass. 432, 437-438 (1975).