This certifies that this is the opinion of the Appellate Division in these causes.

**Charles R. Jannino**
**Clerk, Appellate Division**

Stanley **LAVOIE**
v.
**EMPIRE MUTUAL INS. CO.**

No. 8645

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**August 4, 1981**

**John T. Skerry, Esq.,** counsel for plaintiff
**Robert C. Martin, Esq.,** counsel for defendant

## OPINION

**FORTE, J.** This is an action in contract by the plaintiff-insured to recover medical expenses and reimbursement for lost wages under a motor vehicle insurance policy issued by the defendant-insurer.

The report, including the trial justice's "Memorandum of Decision" which is annexed thereto, indicates the following: On December 24, 1974 the plaintiff sustained injuries in an automobile accident which occurred while the plaintiff was operating his vehicle on Oakland Street in Peabody, Massachusetts. The plaintiff subsequently sought $2,000.00 in damages under a motor vehicle insurance contract with the defendant. Said contract, which was not incorporated in the report, apparently precludes the payment of benefits when the same cannot be recovered in an action at law. The defendant denied liability under the policy on the basis that the plaintiff operated his motor vehicle while under the influence of alcohol and was thus contributorily negligent and barred from recovery as a matter of law.

In substantiation of the plaintiff's alleged contributory negligence, the defendant introduced records of the

Josiah B. Thomas Hospital of Peabody (hereinafter Hospital). Included in these records was a report produced by Stat Toxicology Service of Boston, Inc. (hereinafter Toxicology) indicating that the ethanol level in the plaintiff's blood at the time of the accident was 243 milligrams per deciliter. This level of alcohol was established as that of an intoxicated person by Dr. Jacob Chayet of the Veteran's Administration Hospital, who was called by the defendant and duly qualified as an expert witness. Toxicology performs blood analyses for Hospital patients under contract with the Hospital. The Toxicology record was admitted into evidence over the objection of the plaintiff.

Additional testimony from the EMT ambulance assistant who transported the plaintiff to the Hospital subsequent to the accident indicated that a strong odor of alcohol emanated from the plaintiff and that the plaintiff walked unsteadily and spoke in a slurred manner.

The trial court entered judgment for the defendant, and found, **inter alia,** that:

> "The medical records were also admissible under the exception to the hearsay rule because they were 'of a hospital within the description of G.L. c. 111, sec. 70, G.L. c. 233, sec. 79' . . . Defendant admits that the Josiah B. Thomas Hospital is such a hospital and that its medical records are admissible under this statute.
>
> "There is some question whether the records in question should have been allowed as evidence since the Toxicological Service performed the blood analysis. Defendant would have this Court rule that all ·records

produced by a non-hospital source are inadmissible. This Court cannot do so. Many hospitals are unable to perform their own tests, especially given the shortage of health personnel in this country. Contracting to have another agency or laboratory do such a simple blood analysis for a hospital should not render the results of that analysis inadmissible.

> "The purpose of the statutory exception to the hearsay rule under M.G.L. c. 233, sec. 79 is not to require each hospital to do all of its own tests. Instead, the purpose is to require each hospital to keep complete records which will then pass the tests of reliability necessary for admitting them as evidence. The Josiah B. Thomas Hospital is licensed by Massachusetts and, therefore, required by law to keep such records. In this case, it has preserved the results of the test done by the Toxicological Service in accord with the law."

The plaintiff is presently before this Division on a charge of error in the trial court's denial of the following requested rulings of law:

> "2. Records made by Toxicology Service of Boston, Inc. are not admissible under G.L. c. 233, sec. 79 because Toxicology Service of Boston is not a hospital, clinic, etc. pursuant to G.L. c. 111, sec. 70.
>
> "3. Although the hospital records of J.B. Thomas Hospital may be admissible under G.L. c. 233, sec. 79, records made by Toxicology

Service of Boston, Inc. included in the hospital records are inadmissible as an additional level of hearsay unless shown to be the subject of a separate exception to the hearsay rule. **Reed v. Canada Dry Corp.** 1977 APP. CT. A.S. 264, 267; **Kelly v. O'Neil,** 1 MASS. APP. CT. 313 (1973).''

## I. THE PLAINTIFF'S NON-COMPLIANCE WITH DIST/MUN. CTS. R. CIV. P. 64 (a) CONSTITUTES A WAIVER OF HIS RIGHT TO APPEAL THE EVIDENTIARY QUESTION AT ISSUE.

The plaintiff claims to be aggrieved herein by the trial court's denial of two requests for rulings of law. Said requests pertain, however, exclusively to the question of the admissibility of certain records introduced into evidence by the defendant. The plaintiff's appeal to this Division is thus premised on an evidentiary objection, the appellate procedure for which is governed by Dist./Mun. Cts. R. Civ. P. 64 (a).

Rule 64(a) mandates that.

''When an objection is made to a ruling on the admission or exclusion of evidence, a request for a report shall be made at the time of the ruling and shall be reduced to writing and filed with the clerk within five days after the hearing of all the evidence.''

The report **sub judice** indicates only that the plaintiff made an objection to the admission into evidence of the Toxicology record. The report is devoid of any reference to a timely request by the plaintiff for a report on this evidentiary ruling. Further, the docket contains no entry of a written request for a report filed by the plaintiff within five days after the termination of trial.

It must be concluded, therefore, that the plaintiff failed to comply with the provisions of Dist./Mun. Cts. R. Civ. P. 64 (a) in prosecuting this appeal. The plaintiff has thus waived his right to appellate review of the evidentiary issues presented, and the report may be accordingly dismissed. **Cook v. Kozlowski,** 351 Mass. 697 (1967); **Gordon v. Sale,** 337 Mass. 35, 37 (1958); **Walsh v. Block,** 50 Mass. App. Dec. 22, 23-24, (1972); **Arthur D. Little, Inc. v. Wellington Service Corp.,** 39 Mass. App. Dec. 207, 212-213 (1968).

## II. THE JOSIAH B. THOMAS HOSPITAL RECORDS, INCLUDING A REPORT OF A BLOOD ANALYSIS PERFORMED FOR THE HOSPITAL BY STAT TOXICOLOGY SERVICE OF BOSTON, INC. WERE PROPERLY ADMITTED INTO EVIDENCE.

A dismissal of the instant report is also indicated upon a review of substantive as opposed to strictly procedural considerations. The trial court's admission into evidence of the medical records in question can be sustained upon a reasonable construction of G.L. c. 233, sec. 79; and thus there was no error in the denial of plaintiff's requests numbers two and three.

General Laws c. 233, sec. 79 states in relevant part:

''Records kept by hospitals, dispensaries or clinics, and sanatoria under section seventy of chapter one hundred and eleven shall be admissible . . . by the court, in its discretion, as evidence in the courts of the commonwealth so far as such records relate to the treatment and medical history of such cases and the court may, in its discretion, admit copies of such records if certified by the

persons in custody thereof to be true and complete . . ." The plaintiff is correct in his contention that the admissibility of a hospital record, as an exception to the hearsay rule, derives exclusively from the above statutory authority. **Clark v. Beacon Oil Co.**, 271 Mass. 27, 29 (1930); **Kelley v. Jordan Marsh Co.**, 278 Mass. 101, (1932). It is equally indisputable that admissible records are limited to those maintained by hospitals within the classifications of record-keeping institutions designated in G.L. c. 111, sec. 70. **McClean v. The University Club**, 327 Mass. 68, 75 (1951); **Commonwealth v. Galvin**, 323 Mass. 205, 220 (1948); **Burke v. John Hancock Mutual Life. Inc. Co.**, 290 Mass. 299, 303-304 (1935); **Karpowicz v. Manasas**, 275 Mass. 413, 419 (1931). Whether or not a given hospital is within the purview of G.L. c. 111, sec. 70 is a preliminary question of fact for the trial court. **Commonwealth v. Binkiewicz.** 342 Mass. 740, 757, (1961); **McGaffigan v. Kennedy**, 302 Mass. 12, 13 (1938).

The report indicates unequivocally that the Josiah B. Thomas Hospital is an institution governed by and described in G.L. c. 111, sec. 70. The plaintiff's sole objection to the admission of this Hospital's records into evidence is that these records contain a report of a blood analysis performed by State Toxicology Service of Boston, Inc., an "agency or laboratory" apparently not within the hospital or clinic categories of G.L. c. 111, sec. 70. The plaintiff contends that as Toxicology is not such a hospital, its report is not admissible under G.L. c. 233, sec. 79.[1] The plaintiff further relies on **McClean v. University Club, supra** at 75, for the proposition that the mere annexation of a copy of the Toxicology report to the Hospital records did not render it an integral part of said records.

The plaintiff's reliance on **McClean** would appear misplaced. The records of the Lahey Clinic at issue in that case resulted from the independent examination and treatment of the plaintiff therein by Lahey staff members. Such records thus entailed a separate and prior medical history of the plaintiff unrelated, except by annexation, to the records of the Corey Hill Hospital in which the plaintiff was subsequently examined and treated. Conversely, the Toxicology blood analysis report at issue in the instant case was an essential element of the medical history recorded and accumulated by the Josiah B. Thomas Hospital at which the examination and at least arguably the blood test of he plaintiff were undertaken. Toxicology supplied under Hospital contract only the mechanical, laboratory analyses of tests and treatment provided by the Hospital. The results of a blood test ordered by and performed in the Hospital may be logically deemed a part of that Hospital's records despite the fact that these results were determined outside of the Hospital and by non-Hospital technicians. See, **Burke v. John Hancock Mutual Life Ins. Co., supra** at 304.[2]

Support for this interpretation of G.L. c. 233, sec. 79 can be found by analogy in **Bouchie v. Murray**, 1979 Mass. Adv. Sh. 2727, 2729, wherein

---

[1] It is unclear why said report was not alternatively offered under the Business Records exception to the hearsay rule, G.L. c. 233, §78. See, **Depin v. Aetna Life Ins. Co.**, 56 Mass. App. Dec. 82, 88-89 (1975) and cases cited.

[2] In interpreting "under their care" terminology present in G.L. c. 233, §79, in 1935, the Supreme Judicial Court stated: "However, the statute is not limited to cases treated within the walls of a hospital, but extends to cases 'under their care'. Without regard to where the treatment of a case cared for by a hospital or its staff is administered, a record of such treatment is within the statute equally with treatment administered in the hospital."

the Court permitted the inclusion of a consultation report in the records of Salem Hospital.[3] A Hospital staff doctor referred the plaintiff therein to a private psychiatrist whose findings were later forwarded to the doctor and incorporated into a consultation record of the hospital. No objection was entertained that the consulting psychiatrist was not a hospital or clinic within the meaning of G.L. c. 111, sec. 70, and that his findings did not thus constitute a hospital record admissible under G.L. c. 233, sec. 79.

The Supreme Judicial Court's construction of G.L. c. 233, sec. 79 in **Bouchie** is further justification for the trial court's evidentiary ruling herein. The Court stated, at pp. 2731-2733, that:

> "the statute allows admission of the substantive content of hospital records because of the presumption of reliability which attaches to statements relating to treatment and medical history in these records. This presumption of reliability of the information contained in hospital records arises primarily from the fact that entries in these records are routinely made by those charged with the responsibility of making accurate entries and **are relied on in the course of treating patients . . .**, (p. 2732) Hence **entries made in the regular course of the institution's operations** from the personal knowledge of **those who have an obligation in the course of their employment to transmit that medical information to the recorder are admissible** under the exception . . . (p. 2733) What gives the hospital records presumptive reliability is the fact that **persons treating the patient rely on this information.** However, the force of the presumption of reliability underlying the statute diminishes substantially where the statements contained in the hospital record derive neither from the personal knowledge of the physician nor from the patient himself, and may not have been made by the **third person for the purpose of medical diagnosis and treatment.''** (emphasis supplied).

The Toxicology report at issue would appear to satisfy the above criteria of reliability which justifies G.L. c. 233, sec. 79 as an exception to the hearsay rule. It may be reasonably inferred that all Hospital blood tests are routinely analyzed by Toxicology, and thus its report to the Hospital constituted a record or entry "made in the regular course of the institute's operations." Given the contract between the Hospital and Toxicology, it is further apparent that the blood analysis made by laboratory technicians was a report "from the personal knowledge of those who have an obligation in the course of their employment to transmit that medical information." Finally, and most significantly, the blood test results supplied by Toxicology were relied on "for the purpose of medical diagnosis and treatment" of the plaintiff by Hospital staff. Given the presumptive reliability of the Toxicology report, and the "liberal interpretation" of G.L. c. 233, sec. 79 prescribed by the Supreme Judicial Court, see, **Commonwealth v. Franks,** 359 Mass. 577, 579 (1971); **Commonwealth v. Concepcion,** 362

---

[3] Portions of this report were found to be inadmissible as unrelated to diagnosis and treatment, and as containing hearsay statements of a third party made to the consulting psychiatrist.

Mass. 653, 655 (1972), it would appear that the trial court herein properly admitted said report into evidence.

The Younger test for determining second-level hearsay in hospital records advanced by the plaintiff (P. Brief, p. 7) would appear to constitute a deceptive oversimplification when applied in this case. A hospital record is customarily a compilation of reports and findings submitted by a host of often unidentified personnel, including laboratory and x-ray technicians, doctors, nurses, dieticians, etc. as well as individual patients. To personify an inanimate hospital record as a single witness would render inadmissible a major portion of most medical histories on file in a hospital which are admissible under G.L. c. 233, sec. 79. If the Toxicology report constitutes hearsay under the Younger test, so would the consultant's report admitted in **Bouchie** and any unsigned laboratory test results in a hospital record. It is by now well established that the latter are admissible under G.L. c. 233, sec. 79. **Commonwealth v. Franks,** supra at 580; **Commonwealth v. Enis,** 2 Mass. App. Ct. 864, (1974); **Holloman v. Pioneer Dodge Co.,** 3 Mass. App. Ct. 761 (1975).

Thus it would appear that the Toxicology report at issue may be deemed simply a statement of results of a blood test ordered and performed by the Josiah B. Thomas Hospital, and thus an element of that Hospital's record of the treatment and medical history of the plaintiff. Such report would, therefore, constitute a hospital record within the meaning of G.L. c. 233, sec. 79. A determination of the admissibility of records under said statute rests in the sole discretion of the trial justice. **Commonwealth v. Hubbard,** 371 Mass. 106, 175 (1976).

The trial court's admission of the medical records in question into evidence would not appear to have constituted an abuse of such discretion, and there was thus no error in the denial of plaintiff's requests for rulings of law numbers two and three.

## CONCLUSION

The plaintiff failed to comply with the strictures of Dist./Mun. Cts. R. Civ. P. 64(a) and has thus waived his right to a review by this Division of the trial court's evidentiary rulings.

The report should be dismissed.

Elliott T. Cowdrey, P.J.
John P. Forte, J.
James B. Tiffany, J.