COMMONWEALTH *vs.* RICHARD R. LAURINO. February 27, 1987. *Motor Vehicle*, Operating under the influence. *Practice, Criminal*, Instructions to jury.

The defendant was convicted of driving while under the influence of intoxicating liquor. G. L. c. 90, § 24. The case was tried four months before the Supreme Judicial Court decided *Commonwealth* v. *Connolly*,

394 Mass. 169 (1985), and the judge instructed the jury, in the manner then approved, that conviction was warranted if the defendant was influenced "in some perceptible degree" by intoxicating liquor, regardless of whether it impaired his ability to drive safely. The point was driven home clearly, that guilt could be found "regardless of the effect of such liquor on his operation," and that the defendant can be under the influence "when the intake is so small [that it does not] impair any physical or mental faculty." The *Connolly* case rejected this concept of the offense, holding that the crime is not made out unless "the defendant's consumption of alcohol diminished the defendant's *ability* to operate a motor vehicle safely." 394 Mass. at 173. The defendant, understandably, did not object; but, because the point was not brought to the judge's attention, it cannot now avail the defendant unless the context shows a substantial possibility of a miscarriage of justice. *Commonwealth* v. *Bryer*, 398 Mass. 9, 16-17 (1986). *Commonwealth* v. *Haley, ante* 10, 13-14 (1986).

In the *Bryer* and *Haley* cases, as well as in *Commonwealth* v. *Riley*, 22 Mass. App. Ct. 698, 702-703 (1986), convictions of operating under the influence were sustained on appeal, despite the trial judge's use of the approved, pre-*Connolly* definition of the elements of the offense. In each of those cases there was a substantial and convincing basis for inferring that the erroneous definition would have had little to do with the jury's evaluation of the evidence. In *Bryer* the defendant had been convicted of driving to endanger on evidence that he was "speeding and swaying across the road" (398 Mass. at 10) behavior explainable by evidence of intoxication that was described as substantial and overwhelming (at 17). In *Haley*, the defendant was seen to swerve into the breakdown lane of a superhighway, running down a man changing a tire; he drove on without abating speed; he was seen later speeding and still driving erratically; he ignored a pursuing cruiser until he had sideswiped it three times; he had to be dragged from his car; and he showed symptoms of a profound and incontinent intoxication. *Supra* at 11-12. In *Riley* (as in *Bryer*) the defendant was convicted of operating to endanger (and, in addition, vehicular homicide) and had a blood alcohol content of .22 percent. In all three of these cases there was no substantial likelihood that the jury might have thought that the defendant's intoxication did not impair his driving ability. To the same effect, see *Commonwealth* v. *Ranahan, ante* 201, 203 & n.2 (1986) (where it was undisputed that the defendant had been consuming alcohol and that her ability to drive was diminished).

The same cannot be said in the present case. Here, the defendant acknowledged having had beer and wine to drink while at a family holiday dinner; but that had been at midday, and it was 7:15 P.M. when his van was stopped for running a red light. His explanation for running the light was plausible (though not for that reason excusable); there was no other evidence relating to speeding, erratic operation, or the like. When the police lights were activated, the defendant pulled to the roadside immediately, produced his

license and registration, and was generally cooperative. While the arresting officer testified that the defendant showed symptoms of intoxication and failed a field sobriety test, the breathalyzer reading was .08 percent, in the range to which the statute attaches no presumption, either of sobriety or intoxication. On all the evidence the jury might well have concluded that the defendant was influenced by alcohol "to a perceptible degree" but had a reasonable doubt that alcohol had impaired his ability to operate a motor vehicle safely.

In the circumstances we think there is a substantial likelihood that the jury may have been influenced in its verdict by the erroneous description of the elements of the offense. Compare *Commonwealth* v. *Brochu, ante* 937, 940-941 (1986). The evidence presented a genuine question of guilt or innocence, and counsel's failure to object to the charge was clearly not tactical. See *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 21 (1986). In the interests of justice we think that there should be a new trial on the charge of driving under the influence at which the defendant will have the benefit of jury instructions correctly describing the elements of the offense.

On complaint No. JR 840828A, the judgment is reversed and the verdict is set aside.

*So ordered.*

*Jane Larmon White*, Committee for Public Counsel Services, for the defendant.

*Robert J. Bender*, Assistant District Attorney, for the Commonwealth.