COMMONWEALTH *vs.* DEBORAH RUTH LUIZ. No. 89-P-203. April 12, 1990. *Motor Vehicle*, Operating under the influence. *Practice, Criminal*, Instructions to jury.

The defendant appeals her conviction under an indictment in four counts for motor vehicle homicide (G. L. c. 90, § 24G[*a*]). Among her other related convictions, which are not the subjects of the appeal, is one for driving to endanger (G. L. c. 90, § 24). The charges arise out of an accident in which four children, including the defendant's only child, were killed. Her principal contention on appeal is that the judge's instructions on the element of the offense of motor vehicle homicide relating to operating while under the influence of intoxicating liquor, to which she made a timely objection at trial, were fatally flawed. The judge failed to instruct, in accordance with *Commonwealth* v. *Connolly*, 394 Mass. 169, 170-175 (1985), that to find the defendant guilty, the jury would have to believe that the defendant's consumption of alcohol diminished her capacity to operate her vehicle safely. Instead, the judge told the jury that "[b]eing under the influence means that the defendant at the time was influenced in some perceptible degree by the intoxicating liquor that she had taken . . . It doesn't mean that she couldn't drive the car and drive it safely . . . ."

---

The Commonwealth contends, notwithstanding the error in the instructions, that the conviction should be affirmed. It reasons that the separate conviction for operating negligently so that the lives and safety of the public were endangered makes clear that the jury believed that the defendant's intoxicated state diminished her ability to operate. See *Commonwealth* v. *Bryer*, 398 Mass. 9, 17 (1986); *Commonwealth* v. *Riley*, 22 Mass. App. Ct. 698, 703 (1986); *Commonwealth* v. *Haley*, 23 Mass. App. Ct. 10, 13-14 (1986).

The court in *Commonwealth* v. *Bryer* noted, however, that, even given a conviction for driving to endanger, "it was open for the jury to believe that the defendant was only under the influence to some perceptible degree — which is not sufficient — and that the negligent operation of the vehicle was not in any way related to alcohol, but was negligent or careless." *Id.* at 17. The possibility that the jury reached their verdicts on that theory, however, was regarded as "so remote in light of the evidence presented at trial that the risk of a miscarriage of justice was minimal." *Ibid.*

In the instant case, unlike *Commonwealth* v. *Bryer* and the other cited cases upon which the Commonwealth relies, the defendant not only objected to the erroneous instruction but she made a specific request for the correct instruction. Contrast *Commonwealth* v. *Brochu*, 23 Mass. App. Ct. 937, 938 (1986). The issue, therefore, is not whether there was a substantial risk of a miscarriage of justice but whether the error was harmless beyond a reasonable doubt. *Commonwealth* v. *Freeman*, 352 Mass. 556, 563 (1967). *Commonwealth* v. *Hanger*, 377 Mass. 503, 510 (1979). Applying that standard, we think the defendant should have a new trial.

The Commonwealth's evidence was that the defendant was speeding, and possibly racing with a car driven by one Alvin Berube, when she hit a utility pole. With testimony concerning some consumption of alcohol and a blood alcohol reading of .113, there was evidence that the defendant was intoxicated at least to a perceptible degree at the time of the accident. However, the witnesses gave inconsistent testimony concerning the degree of her intoxication, and, understandably because of the defendant's injuries, the usual testimony about slurred speech, blurred eyesight, unsteadiness, and poor performance on field sobriety tests was absent. Moreover, Berube appears to have played some role in the accident, but what that role was is less than clear. Finally, in closing argument the prosecutor stressed the defendant's high speed and suggested that the speed alone was enough to justify holding the defendant responsible for the accident and the deaths. It is a possibility in these circumstances, if a somewhat remote one, that the jury believed that although the defendant was driving negligently at an unreasonable speed and she was affected to a perceptible degree by her consumption of alcohol, her intoxication was not at such a level that it diminished her ability to operate her vehicle. In these circumstances, she may have been harmed by the failure of the judge to give the correct jury instruction which she requested and to which she was entitled.

*Judgment reversed.*

*Verdict set aside.*

Kenneth G. *Littman* for the defendant.

Beth R. *Levenson*, Assistant District Attorney, for the Commonwealth.